[No. 7,952.—Department Two.]
June 29, 1882.

## JOHN N. CROWLEY *v.* THE CITY RAILROAD COMPANY.

PLEADING—DENIAL OF EXECUTION OF WRITTEN INSTRUMENT—RELEASE—ISSUES—EVIDENCE—PRACTICE.—In an action for damages for the death of the plaintiff's minor son—alleged to have been killed by the negligence of defendant—the defendant pleaded in bar a release in writing by the plaintiff of all demand for the damages sued for, and in his answer inserted a copy of the release. The execution of the release was not denied by the plaintiff, in the mode required by Section 448, C. C. P., but the evidence was offered by the plaintiff, and admitted without objection, tending to show that at the time he signed the release he was incompetent to contract. The verdict was for the plaintiff.

*Held:* Under such circumstances, the defendant can not be allowed to raise the point in this Court, that the verdict of the jury is against an admission made by the pleadings.

ACTION BY FATHER FOR DEATH OF SON—NEGLIGENCE—RELEASE—COMPETENCY TO CONTRACT—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.—The evidence held sufficient to justify the verdict, and the instructions of the Court below with regard to negligence and the mental competency of the plaintiff to execute the release, approved.

APPEAL from a judgment for the plaintiff and an order denying a new trial in the Superior Court, of the City and County of San Francisco. SULLIVAN, J.

The instructions referred to by the Court appear in the argument of appellant's attorneys.

*Russell J. Wilson* and *E. J. & J. H. Moore, Wilson & Wilson,* for Appellant.

If the Court or jury find a fact contrary to the admissions of record, the same must be disregarded. (*Bradbury* v. *Cronise*, 46 Cal. 288; *Gregory* v. *Nelson*, 41 id. 288; *Burnett* v. *Stearns*, 33 id. 473; *Morenhout* v. *Barron*, 42 id. 591; *Tevis* v. *Hicks*, 41 id. 127.)

The Court erred in giving the following instructions to the jury: "But even though you should find that the deceased, either through his own or his parents' negligence was upon the defendant's track, and that he there negligently and carelessly exposed himself to be run over by its car, still if you should believe that the child did not know of the approach of the car in time to have avoided the accident, and you should also believe that the driver in charge of the car, if exercising ordinary care, could have seen the boy in time to prevent the accident, and could have stopped the car in time to avoid the accident, then the defendant would be liable, notwithstanding the negligence of deceased or his parents." (*Needham* v. *S. F. & S. J. R. R. Co.*, 37 Cal. 409.)

The Court erred in giving the following instruction to the jury: "Where a party when he enters into a contract is in such a state of drunkenness as not to know what he is doing, his contract is void."

*J. D. Sullivan* and *James C. Cary,* for Respondent.

The instructions were correct. (*Needham* v. *S. F. R. R. Co.*, 37 Cal. 409; *Schierhold* v. *N. B. & M. R. R. Co.*, 40 id. 454.)

THORNTON, J.:

This is an action by a father to recover damages for the death of his son, alleged to have been caused by the negligence of the defendant. The defendant *inter alia* pleaded in bar

a release by plaintiff of all demand for the damages sued for, and in his answer inserts a copy of the release. This was not denied by plaintiff in the mode required by Section 448 of the Code of Civil Procedure. The plaintiff offered evidence tending to show that at the time he signed the release, he was incompetent to contract. To this evidence there was no objection by defendant, and the case was tried as if the fact of execution had been denied, issue on such point properly raised, and a verdict was found for plaintiff.

It is now said that this was error because there was no issue as to the execution of the release in the case; that by failing to make the affidavit required by the section of the Code of Civil Procedure above cited, its execution was admitted.

But, as stated above, when the evidence to show that the instrument of release was not executed was offered, no objection was made to it, and the trial proceeded throughout as if there was such an issue on which the jury was to pass. Under such circumstances the defendant can not be allowed to raise the point in this Court, that the verdict of the jury is against an admission made by the pleadings. This view is sustained by *Tynan* v. *Walker*, 35 Cal. 645, and *Cave* v. *Crafts*, 53 id. 141. We can not hold this contention of defendant tenable.

The evidence was sufficient to sustain the verdict. There was some conflict in the evidence, but on every essential point there was evidence before the jury sufficient to justify the conclusion to which they came. The cause should not then be sent back for a new trial on the ground that the evidence was insufficient to justify the verdict.

We have examined the instructions of the Court attacked by the defendant, and find no error in the action of the Court in regard to them.

The judgment and order of the Court are without error and are affirmed.

MYRICK and SHARPSTEIN, JJ., concurred.