[Sac. No. 212.  In Bank.—December 27, 1897.]

LURENNA MOORE, Respondent, v. R. H. COPP, Appellant.

119 429
122 570
123 330
119 429
125 199
119 429
a128 424
128 526
119 429
L132 696
119 429
134 384
119 429
144 112
144 293

ACTION TO QUIET TITLE—DEFENSE OF WRITTEN CONTRACT—FAILURE TO DENY GENUINENESS AND EXECUTION—EVIDENCE—MATTER IN AVOIDANCE OF CONTRACT.—The failure of the plaintiff, in an action to quiet title, to file an affidavit denying the genuineness and due execution of a written contract pleaded and set forth in the answer by way of defense, merely admits that the instrument pleaded is not spurious or counterfeit, or of different import on its face from the one executed, but is the identical instrument executed by the plaintiff, and does not preclude the plaintiff from controverting the instrument by evidence of fraud, mistake, undue influence, or any matter in avoidance of the contract, not inconsistent with the fact of its execution and genuineness.

ID.—ISSUES AGREED UPON—OBJECTION UPON APPEAL.—Where issues as to matter in avoidance of the contract pleaded in defense, not involving its genuineness and due execution, were agreed upon and submitted to the jury without objection, the defendant cannot object upon appeal for the first time that such issues were not properly submitted.

ID.—PLEADING—FRAUD OR MISTAKE IN AVOIDANCE—REPLICATION AS MATTER OF LAW.—A plaintiff is not required to plead the facts constituting fraud or mistake, unless the cause of action or defense to a cross-complaint rests thereon; and where such facts are merely matter in avoidance of a defense set up in the answer, they are not required to be averred in the complaint, but may be proved in rebuttal of the defense without a replication, which is supplied by operation of law.

ID.—EQUITY CASE—VERDICT OF JURY ADVISORY—RIGHT OF COURT TO DETERMINE QUESTION OF FRAUD.—An action to quiet title, in which the defendant relies upon a contract for the sale of the premises in controversy, is purely an equity case, in which neither party has the right to demand a jury, and the verdict of a jury is merely advisory to the court, and, though actual fraud in avoidance of the contract is always

a question of fact, yet the court is not bound by the verdict of the jury on that question, but may determine it regardless of the verdict.

ID.—MISTAKE OF FACT UPON PART OF PLAINTIFF—IGNORANCE OF PLAINTIFF — AGE, INFIRMITY, AND INEXPERIENCE—RELIANCE UPON DEFENDANT—KNOWLEDGE OF DEFENDANT.— A contract may be set aside for a clear mistake of fact on the part of one of the parties, without proof of fraud of the other party; and where the evidence for the plaintiff showed that she was aged, subject to physical infirmities, and inexperienced in business, and had confidence and implicit trust in the defendant, who prepared the contract out of her presence, and brought it to her to be executed, bringing with him a notary and a witness, and, knowing that she did not know what was contained in the contract, did not read it to her, and that she signed it, without reading it, under the understanding and belief that it was a lease with an option of renewal, and in ignorance of the fact that it contained a contract of sale, the circumstances are such that ordinary prudence on the part of the defendant required him to have the contract read in her hearing, and the plaintiff should not be held to suffer for her apparent laches in signing it in ignorance of its contents.

ID.—FINDINGS—PROBATIVE FACTS—ISSUES RENDERED IMMATERIAL.—A finding of probative facts is sufficient when the ultimate facts follow therefrom; and when the findings show a clear case of mistake of fact upon the part of the plaintiff, whether involving fraud therein or not, a separate finding upon the question of actual fraud is not required; and it is immaterial whether other findings are or are not sustained by the evidence.

ID.—IMMATERIAL ERROR—EVIDENCE.—Error in the admission of evidence upon other matters not involving the question of mistake of fact upon which the judgment for plaintiff proceeds is without injury.

ID.—PRIMA FACIE CASE OF MISTAKE—CONFLICT OF EVIDENCE.—Where the evidence for the plaintiff standing alone establishes a prima facie case of mistake, and the trial judge accepted her evidence as true, though contradicted by the evidence for the defendant, the appellate court is not at liberty to inquire into the relative weight of the conflicting evidence.

APPEAL from a judgment of the Superior Court of Placer County.   J. E. Prewett, Judge.

The facts are stated in the opinion.

John M. Fulweiler, and George C. Sargent, for Appellant.

A. M. Johnson, and L. L. Chamberlain, for Respondent.

CHIPMAN, C.—Action to quiet title to certain land on which was a granite quarry.  Defendant answered the complaint and set up an instrument executed by plaintiff to him September 25, 1889, by which plaintiff agreed to sell and convey to defendant.

the portion of the land containing said quarry, at the expiration of a certain lease, under which the quarry was being worked, which did not expire until 1901. The consideration of the contract was one dollar paid and one thousand dollars to be paid at the expiration of said lease. Plaintiff did not serve and file an affidavit denying the contract. A jury was impaneled to try certain four special issues, to wit: 1. Mental competency of plaintiff to make the contract; 2. Whether it was executed under undue influence of defendant; 3. Through fraud; 4. By mistake. Defendant made no objection to calling the jury nor to the submission of the issues. The jury answered the first three questions, No; the fourth, Yes.

Judgment passed for plaintiff quieting her title and adjudging defendant's contract void and annulling the same, from which and from the order denying his motion for a new trial defendant appeals.

Plaintiff proved title in her and rested. Defendant moved to instruct the jury to render a verdict for defendant upon the issues framed, on the ground: 1. That the burden of proof was on plaintiff, under the pleadings as they stood, to prove that defendant's claim was without right; and 2. That defendant set up in his answer a written instrument, executed by plaintiff, showing his interest in a portion of the premises, and that by section 448 of the Code of Civil Procedure, plaintiff not having filed and served the affidavit of denial therein required, the genuineness and due execution of the instrument are deemed admitted. The motion was denied, and defendant offered the instrument, which was admitted, and rested. Plaintiff thereupon offered evidence in support of the special issues framed, to some of which evidence defendant objected on the grounds: 1. That the genuineness and due execution of the instrument are admitted and cannot be controverted; and 2. As to some of the matters referred to in the special issues that they had not been pleaded.

It is claimed by respondent: That by the provisions of section 462 of the Code of Civil Procedure the answer is deemed controverted, and therefore respondent was not precluded from introducing evidence in avoidance of the contract under the special issues or otherwise.

1. The cases in which section 448 has been construed are numerous. The result reached may be briefly stated as follows: Where the defendant has pleaded a written instrument in defense (not by way of cross-complaint), and the plaintiff has not served and filed an affidavit denying the instrument and has offered no evidence controverting it on any ground, the instrument is to be deemed admitted and must be taken for what it appears on its face to be. But the plaintiff may controvert the instrument by evidence of fraud, mistake, undue influence, compromise, payment, statute of limitations, estoppel, and the like defenses, under section 462 of the Code of Civil Procedure. In short, he may by evidence controvert the instrument upon any and all grounds, except that he cannot controvert its due execution nor its genuineness. By genuineness is meant nothing more than that it is not spurious, counterfeit, or of different import on its face from the one executed, but is the identical instrument executed by the party. (*Sloan v. Diggins,* 49 Cal. 38; *Crowley v. City R. R. Co.,* 60 Cal. 628; *Fox v. Stockton etc. Works,* 73 Cal. 273; *Petersen v. Taylor,* 34 Pac. Rep. 724 (not in Reports); *In re Garcelon,* 104 Cal. 570; 43 Am. St. Rep. 134; *Carpenter v. Shinners,* 108 Cal. 359; *Rosenthal v. Merced Bank,* 110 Cal. 198.)

It could never have been intended that the plaintiff is required to make an affidavit denying the instrument, or be precluded from making any defense whatever. There are many defenses which he is, and should be, entitled to make while possibly compelled to admit that he executed the instrument and that it is genuine; and which defenses it was intended by the code he might make under section 462. The court properly denied appellant's motion. There had been certain issues agreed upon and submitted to the jury without objection, not involving the genuineness and due execution of the contract. Appellant cannot now for the first time be heard to say that they were not properly submitted. (*In re Garcelon, supra.*)

2. But it is strongly urged by appellant that the defense indicated in the special issues was improperly allowed because not alleged in the complaint. (Citing *Wetherly v. Straus,* 93 Cal. 283, and *Burris v. Adams,* 96 Cal. 664, and some other cases.) Respondent claims that, under section 462, she was not called upon to plead matters in defense to answer, but that she could

offer evidence upon any defense in avoidance. (Citing *Colton etc. Co.* v. *Raynor,* 57 Cal. 588; *Rankin* v. *Sisters of Mercy,* 82 Cal. 88; *Grangers' etc. Assn.* v. *Clark,* 84 Cal. 201; *Williams* v. *Dennison,* 94 Cal. 540; *Sterling* v. *Smith,* 97 Cal. 343.)

*Wetherly* v. *Straus, supra,* simply announced the universal rule that fraud is never to be presumed and must be pleaded when relied upon either in an action, or in a defense of an affirmative nature; but it does not reach the point now before us.

The cases cited by respondent, and other authorities not cited, we think fully sustain the proposition that, under our system of pleading, a replication to the answer has no place, but is supplied by operation of law through section 462 of the Code of Civil Procedure; and that all new matter in avoidance or constituting a defense or counterclaim must at the trial be deemed controverted. The only exception to this rule is found in section 442; where a cross-complaint has been served by the defendant claiming the affirmative relief therein mentioned, the party served "may demur or answer thereto as to the original complaint." Appellant is in error in his contention that the defendant in an action is placed upon the same footing by section 462 as is the plaintiff by section 437 as to pleading the issues. In the first instance the law requires the defendant to answer; but, when he has done so, the law in the other instance operates to make answer for the plaintiff without any replication on his part. The many cases decided show various issues thus permitted to be tried, such as: The statute of limitations, in *Curtiss* v. *Sprague,* 49 Cal. 301; want of consideration, in *Colton etc. Co.* v. *Raynor, supra;* undue influence, in *Rankin* v. *Sisters of Mercy, supra;* fraud, in *Sterling* v. *Smith, supra.* In the present case, plaintiff could not know, when she filed her complaint, that defendant would answer, nor that, if he did, he would claim under the instrument in question. After answer there was no pleading open to her under our system. (See, also, *In re Garcelon, supra;* Pomeroy's Remedies and Remedial Rights, secs. 587, 588.)

*Burris* v. *Adams, supra,* was peculiar in its facts, and was decided upon the theory that the defendant there had the clear record title, and that plaintiff's whole case depended upon fraud which he did not aver. The court say: "In the case at bar the defendant was the moving party. He bought, or had trans-

ferred to him, a lawsuit, and his only hope of winning it lay in the possibility of proving fraudulent acts which he did not aver. He knew from the start that the respondent McNeil had a perfect legal title which he could overthrow only by proving her guilty of a certain fraud; and he did not aver the fraud even in general terms."

The principle governing the case at bar is that stated in *Sterling v. Smith, supra,* where the court say: "No doubt when a cause of action rests upon fraud the facts constituting the fraud must be set up in the complaint; but such was not the case here, for the necessity of proving fraud appeared only after the answer of the defendant. And a plaintiff is in that position with respect to all new matters set up in the answer."

3. Appellant claims that the court was bound by the verdict of the jury; that fraud as a question of fact is always with the jury. Citing several cases and Wells' Questions of Law and Fact, page 238: "Actual fraud is always a question of fact." (Civ. Code, sec. 1574.) But it does not follow that it must always be determined by a jury. This is a pure equity case. The ownership and possession of plaintiff were admitted; and the case is not within those decisions which held that in an action which is essentially ejectment the right to a jury cannot be evaded by merely casting the complaint in another form. Therefore it was not the right of either party to demand a jury; nor is a court bound by the verdict of the jury in an equity case when one is called. (*Sweetser v. Dobbins,* 65 Cal. 529.)

4. Finding "f" is attacked as not justified by the evidence and as merely a recital of probative facts. The finding is in greater detail than need have been, but, if the ultimate facts stated follow from the probative facts, it is sufficient. The finding is quite lengthy, but may be briefly stated to be in effect, that respondent signed the instrument in question without reading it, believing it to be an agreement to give appellant an option to lease the premises upon the expiration of the subsisting lease and upon the same terms as the latter, whereas she in fact executed an agreement to sell the premises. The evidence is sharply conflicting upon this point, but the testimony of respondent is, that as she understood the proposition of appellant when first made to her, it was for an option to lease, and that when he

·afterward brought the prepared paper for her to sign, she executed and acknowledged it without reading it or hearing it read, supposing it was prepared in accordance with the previous understanding on her part.

It does not appear that appellant made any statements to her, at the time the contract was signed, to mislead her, and but for the circumstances shown and the fact of her age, and physical infirmities, and inexperience in business, we should find some difficulty in bringing the case within section 1577 of the Civil Code, defining mistake of fact, from which relief will be given only when "not caused by the neglect of a legal duty on the part of the person making the mistake." Ordinarily, it would be the legal duty of a person about to sign a conveyance of real property, to read it or have it read or explained, or have an assurance from some one upon whose statements he had a right to rely that it was in accordance with the previous understanding of the party. We cannot say in the present case that the court erred in finding that respondent executed the instrument in question through "unconscious ignorance" that it was different from the instrument she had agreed to execute. The circumstances bring the case within the provisions of the Civil Code above cited. It must be borne in mind that the neglect of respondent to read the contract or have it read to her arose from thinking that it was as she previously understood it was to be; when she refused to have it read to her, stating that she knew what was in it, she so thought. Appellant knew its provisions, for he prepared it out of her presence and brought it to her to be executed, bringing with him a notary and a witness. Appellant knew that respondent did not know what was contained in the contract when she said she knew.

He knew that respondent had great confidence in him, and the court found that she trusted him implicitly. He also knew that she had no adviser and had consulted no one as to the nature of the contract. We think, under the circumstances surrounding the parties as disclosed by the evidence and as found by the court, that ordinary prudence on the part of appellant should have impelled him to insist upon having the contract read in her hearing at that time; and that respondent should not be held to suffer for her apparent laches and folly in signing the contract

in ignorance of its contents. It is not necessary that a mistake of fact should be mutual, as appellant claims. (Civ. Code, sec. 1577.) Nor is it true, as is contended, that a contract cannot be set aside for the mistake of one of the parties unless the contract was induced and the mistake arose from the fraud of the other party.

The rule as to the evidence is stated correctly in *De Jarnatt v. Cooper*, 59 Cal. 703, that where mistake (or fraud) is alleged, the party alleging it is bound to sustain his charge by clear and convincing evidence which standing alone establishes a *prima facie* case of mistake. If the evidence does not meet this test, this court may review the judgment on the ground of insufficiency of the evidence. Such a *prima facie* case is presented, we think, by the evidence of respondent.

5. Appellant claims that the issue of fraud was presented but was not found upon by the court, and that appellant was entitled to a finding upon it. If the judgment necessarily rested upon that issue in any material degree appellant's contention would be sound. But if the court properly decided the case upon other distinct issues not dependent upon the issue of fraud the latter became immaterial, and it was not error to omit a finding upon it, for the result would have been the same if the court had found this issue for defendant. (*Brison v. Brison*, 90 Cal. 323.) A mistake may arise without blame to either party; it may result from the misrepresentations of the party gaining thereby, in which case fraud would be involved, but it might be none the less mistake.

6. Findings "g" and "h" are assailed, finding "g" as not supported by the evidence, and finding "h" as not upon any issue in the case. Finding "g" is that plaintiff received no adequate consideration for said contract. Finding "h" is that the contract is not as to plaintiff just and reasonable, "the same purporting to require plaintiff to convey to defendant, for one thousand dollars only, property worth more than twice that sum, and the time of performance thereof being postponed more than twelve years after the execution of the contract."

It is not necessary to consider whether the objections to these findings are well taken or not, for, however erroneous, the judgment cannot be set aside inasmuch as it may rest upon finding "f." (*Brison v. Brison, supra.*)

7. Error is assigned in permitting plaintiff to testify to rents received by her for the quarry under the existing lease; also as to testimony upon the value of the quarry in 1889. Discussion of these matters would not be profitable, as we may concede error and still the evidence could not be said to affect defendant injuriously upon the issue of mistake, which is the real and only ground upon which the judgment does or can rest. Defendant's chief contention in the case was the alleged error in admitting any evidence to controvert the contract. His points were ably presented and have had full consideration. The trial judge accepted as true the evidence of plaintiff, and, although contradicted by the evidence of defendant, we are not at liberty to say the court erred. Under the oft-repeated rule we cannot inquire into the relative weight of the evidence where there is a conflict.

It is recommended that the judgment and order be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J.,      Harrison, J.,      Garoutte, J.,
Temple, J.,         Henshaw, J.

Rehearing denied.