## LUCY M. MORRISON *vs.* ELLEN M. MORRISON.

### York.   Opinion January 8, 1906.

*Money Had and Received.   Mistake.   Burden of Proof.   Verdict.*

In an action of assumpsit for money had and received, to recover money alleged to have been paid by mistake, the burden of proof is on the plaintiff to show that the payment was made by mistake of fact, and under such circumstances as would make its retention by the defendant inconsistent with equity and good conscience.

When evidence is conflicting as to material facts, that offered by the plaintiff tending to show that she allowed the defendant to receive one-half of the proceeds of the sale of her land which was conveyed to the purchaser by their joint deed, she supposing they were equal owners, and that offered by the defendant tending to show that the money was a gift from the plaintiff made with full knowledge that she was the sole owner of the land from which the money was obtained, a verdict for the defendant rendered by the jury under instructions of the court presumably directing their attention to the issues involved and not shown to be unwarranted by the weight of evidence, cannot be set aside.

On motion for new trial by plaintiff.   Overruled.

Assumpsit for money had and received to recover money alleged to have been paid under a mistake.   Tried at May term, 1904, of the Supreme Judicial Court, York County.   Plea, the general issue. Verdict for defendant.   Plaintiff then filed a general motion for a new trial.

The case is stated in the opinion.

*George F. and Leroy Haley*, for plaintiff.

*James A. Edgerly and George W. Hanson*, for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J.   This action is assumpsit for money had and received brought to recover a sum of money alleged to have been paid under a mistake.

The verdict was for the defendant and the case is before the law court on the plaintiff's motion for a new trial.

The plaintiff was the widow of Samuel Morrison, late of Sanford, Maine, who died in 1895. He left by his will, after payment of his debts, funeral charges, and expenses of administration, and a legacy of $50 to his granddaughter, all his estate to his widow and his son, Fred L. Morrison, while they both lived, and the remainder to the survivor, or if his son first died leaving children his share was to vest in them. The son died in 1902 leaving no issue, but a widow, the defendant, to whom by his will he gave his entire estate.

The property which passed to the plaintiff by the will of Samuel Morrison consisted of a farm in Sanford of the value of about $3,000 and farming stock and tools and other personal property; that which passed to the defendant by the will of Fred L. Morrison consisted of a small lot of land in Sanford of the value of about $50 and some personal property, a part of which being farming stock and tools. The plaintiff resided with her son and his family on the homestead farm after her husband's death and she continued to live on the place with the defendant several months after the son's death. It was mutually decided to dispose of the homestead farm and the stock and farming tools on the same, and the lot of land owned by Fred L. Morrison at his death, and the plaintiff and defendant made a conveyance of the property by a deed signed by both to Benjamin C. Jordan for the sum of $4,200. Mr. Jordan paid one-half of the consideration to each of the grantors as requested by them.

The foregoing facts are not in dispute; but there is a material conflict of the testimony which bears upon the precise issues upon which the rights of the parties in this action depend. The plaintiff claims that she is entitled to the money paid by Mr. Jordan to the defendant by her consent, by reason of a mistake in reference to her title under her husband's will to the property conveyed. The nature and cause of the mistake she explains by her testimony and other evidence which she offers. This evidence tends to show that her son had in his possession a copy of the Samuel Morrison will which she had only read casually once or twice, and that after his death the defendant told her that their interests were equal as she had suc-

ceeded to the share of Fred L. Morrison by his will; and that she believed at the time of the conveyance that she was disposing of one-half of the property only, and that the defendant was disposing of the other half in her own right.

Assuming this explanation to be correct and the facts to be as she alleges, the plaintiff claims that she would be entitled in this action which is based upon equitable principles, to recover the money paid to the defendant for two reasons, namely: First, because in her acts she relied upon the representations made by the defendant. The daughter-in-law standing in a relation of confidence toward her could not retain an advantage gained by misrepresentation even if made through mistake of facts of which she had equal means of knowledge with her. *Jordan* v. *Stevens et als.* 51 Maine, 78; *Pickering* v. *Pickering*, 2 Beav. 31; *Moore* v. *Copp*, 119 Cal. 429. Second, because in legal effect, by joining in the deed with the defendant, she conveyed property which belonged to herself but which she supposed belonged to the defendant. *Bingham* v. *Bingham*, 1 Ves. (Sen.) 126; *Lansdown* v. *Lansdown*, Mosely, 364; *Pusey* v. *Desbouvrie*, 3 P. Wms. 315; *Wheeler* v. *Smith*, 9 Howard, 55; *Skillman et ux.* v. *Teeple et als.*, 1 N. J. Eq. 232; *Goff* v. *Gott*, 37 Tenn. 562; *Sheridan* v. *Carpenter*, 61 Maine, 83. The case presented by the plaintiff is distinctly different from those where money was paid voluntarily under circumstances consistent with reason and equity, as in *Norris* v. *Blethen*, 19 Maine, 348; *Norton* v. *Marden*, 15 Maine, 45; *Parker* v. *Lancaster*, 84 Maine, 512. She claims it was not a voluntary payment of money, but an inadvertent conveyance of property which the plaintiff supposed she did not own, but which she supposed was owned and was being conveyed by the other grantor in the deed; that the defendant could not in equity and good conscience receive and retain the proceeds of property which she knew she did not own as it would be not only contrary to justice but good morals.

But the defendant's version of the transaction presents a different case. Her testimony and other evidence introduced tend to show that the plaintiff acted of her own motion with full knowledge of her title to the whole of the homestead farm, and that in directing the division of the proceeds of the conveyance she made a gift to her of

one-half, and that the plaintiff did this from the consideration of their intimacy and of her affection for her son who had, during his life, owned the property equally with her.

The burden of proof rested upon the plaintiff. The jury sustained the defendant's claim that the subject of this suit was a gift to her. It must be assumed that the presiding Justice gave such instructions as were required to direct their attention to the issues involved in the case; whether the plaintiff knew her legal rights under her husband's will when the conveyance was made; and whether in the attendant circumstances under which the money was paid and received there was any element of fraud, misrepresentation or mistake. The verdict is not shown to be unwarranted by the weight of evidence.

*Motion overruled.*