[L. A. No. 3966. Department One.—June 19, 1917.]

## HERMOSA BEACH LAND & WATER COMPANY (a Corporation), Appellant, v. LAW CREDIT COMPANY (a Corporation), et al., Respondents.

VENDOR AND VENDEE—WAIVER OF FORFEITURE—ACCEPTANCE OF INTEREST AFTER DEFAULT.—A vendor under a contract for the purchase of land the price of which was payable in installments at fixed dates, by accepting several payments on account of interest on the unpaid balance long after the final installment became due, waived his right to declare a forfeiture for the failure to pay in time, without first tendering a deed, and putting the vendee in default.

ID.—QUIETING TITLE OF VENDOR—ANSWER SEEKING SPECIFIC PERFORMANCE—STATUTE OF LIMITATIONS.—In an action by a vendor under a contract for the sale of land to quiet his title against the vendee, where the answer sets up an affirmative cause of action for specific performance, the plaintiff may, without formal plea, show that the attempted defense is barred by the statute of limitations.

ID.—POSSESSION OF VENDEE PREVENTING RUNNING OF STATUTE OF LIMITATIONS.—The possession which will prevent the running of the statute of limitations against a vendee is an actual possession or occupation, not merely that constructive or presumed possession which may follow a right of entry.

ID.—VENDEE NOT IN POSSESSION — RIGHT TO SPECIFIC PERFORMANCE BARRED BY STATUTE.—The right of a vendee not in possession to a specific enforcement of the contract is barred by the statute of limitations if after tendering payment and demanding a conveyance, which was refused, he then waits for seven years before seeking to enforce his right to a conveyance.

ID.—EQUITABLE CONDITIONS IMPOSED ON VENDOR — SPECIFIC PERFORMANCE NOT JUSTIFIED.—The fact that the vendor, having once waived his right to declare a forfeiture without first tendering a deed and demanding payment, could not have his title quieted, without complying with such conditions as might be deemed, by the court, to be equitable, would not justify the granting of the affirmative relief of specific performance to the vendee on a cause of action which is barred.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, Gurney E. Newlin, and W. W. Hyams, for Appellant.

Tanner, Odell, Odell & Taft, for Respondents.

SLOSS, J.—Appeal by plaintiff from a judgment and an order denying a new trial.

The action was brought to quiet plaintiff's title to lot 32 in block 49 of the first addition to Hermosa Beach, in Los Angeles County. The defendant, Law Credit Company, answered, alleging that it was the successor in interest of one Stiles, who, on February 15, 1902, had entered into a written agreement with the plaintiff for the purchase of the lot in question. The purchase price named in the contract was $135, of which $45 was paid in cash, and the balance was to be paid in two installments of $45 each, on October 2, 1902, and April 2, 1903, respectively, with interest on the deferred payments at the rate of seven per cent.

The answer alleged that at the time of making the agreement Stiles entered into possession of the premises; that on October 23, 1902, he made the second payment of $45, with interest to October 2, 1902; that on March 22, 1904, he paid interest to February 15, 1904; and on December 14th, he paid interest up to January 1, 1906. Plaintiff accepted all of said payments without objection. On February 3, 1906, Stiles tendered the final payment due, together with interest, amounting to $45.50. The plaintiff refused to accept the same, or to make conveyance. The answer set forth the fairness of the contract and the adequacy of the consideration, and asked judgment that plaintiff be required to accept the balance due and to make a good conveyance of the land to the defendant. The court found in favor of the averments of the answer, and entered judgment that defendant deposit with the clerk the sum of $58.31, being the balance due on the contract, together with taxes paid by the plaintiff, and that plaintiff thereupon make, execute, and deliver a deed conveying the title to said premises to the defendant.

It was alleged in the answer, and found by the court, that when the last payment of interest was made by Stiles, it was agreed between the parties that the time for payment should be further extended beyond January 1, 1906. The plaintiff attacks the finding. We need not inquire into this point, as we

think the finding immaterial. It is undisputed that, long after the final installment became due, the appellant accepted several payments on account of interest on the unpaid balance. Under these circumstances the vendor must be held to have waived its right to declare a forfeiture for the failure to pay in time, without first tendering a deed, and putting the vendee in default. (*Boone* v. *Templeman,* 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947]; *Hayt* v. *Bentel,* 164 Cal. 680, [130 Pac. 432].)

The defendant's answer asked, and the court by its decree granted, affirmative relief. In effect, the defendant prayed for and obtained a decree of specific performance. Under section 462 of the Code of Civil Procedure, new matter set up in the answer is deemed controverted by the opposite party. Plaintiff was therefore entitled to meet the defendant's averments by any evidence sufficient to overcome their force. (*Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630]; *Brooks* v. *Johnson,* 122 Cal. 569, [55 Pac. 423]; *Peck* v. *Noee,* 154 Cal. 351, [97 Pac. 865].) Accordingly, where the answer sets up an affirmative cause of action, the adverse party may, without formal plea, show that the attempted defense is barred by the statute of limitations. (*Bradbury* v. *Higginson,* 167 Cal. 553, [140 Pac. 254].) The appellant contends that the defendant's right to a conveyance under the contract of sale is thus barred. It appears that in response to Stiles' offer of payment and demand for a deed, the plaintiff, on February 5, 1906, notified him in writing that his contract was "declared forfeited in accordance with the terms and conditions of said contract." This action was begun on March 15, 1913, more than seven years after such notification. The defendant's answer was filed some two weeks later. It is urged that the cause of action to enforce such contract was barred either by subdivision 1 of section 337 of the Code of Civil Procedure (an action upon a contract, obligation, or liability founded on an instrument in writing), or by section 343 (an action for relief not provided for in other sections of the code). The respondent, on the other hand, relies upon the rule, well settled by our decisions, that the statute of limitations does not run against a vendee in possession who has paid the full purchase price. (*Love* v. *Watkins,* 40 Cal. 548, 571, [6 Am. Rep. 624]; *Gilbert* v. *Sleeper,* 71 Cal. 290, 294, [12 Pac. 172]; *Scadden Flat G. M. Co.* v. *Scadden,* 121

Cal. 33, [53 Pac. 440] ; *Fleishman* v. *Woods,* 135 Cal. 256, [67 Pac. 276].) The theory of these cases is that such vendee is the equitable owner of the land, and the vendor the trustee of a naked legal title. In harmony with the general rule regulating actions by a *cestui* against the trustee of an express trust, it is held that the statute of limitations does not run until there has been a distinct and unequivocal repudiation of the trust by the trustee. It has even been held that a mere repudiation by the vendor will not start the statute running, in the absence of an actual taking of possession or ouster by such vendor. (*Bennett* v. *Morrison,* 120 Pa. St. 390, [6 Am. St. Rep. 711, 14 Atl. 264], cited in *Luco* v. *De Toro,* 91 Cal. 405, 418, [18 Pac. 866, 27 Pac. 1082].) But where the vendee is not in possession, he must certainly bring his action within four years after the repudiation of the trust or obligation to convey is distinctly brought home to him (*Cortelyou* v. *Imperial Land Co.,* 166 Cal. 14, 20, [134 Pac. 981],) as it was, in this case, by the plaintiff's notice of forfeiture. The answer alleges that Stiles took possession upon the making of the contract. But the record discloses no evidence to support the finding that this allegation is true. The possession which will prevent the running of the statute of limitations against a vendee is an actual possession or occupation—not merely that constructive or presumed possession which may follow a right of entry. It may be conceded that the contract contemplated that the vendee should be entitled to go into occupation of the lot. The evidence, however, fails to show that he ever went into or ever had possession. It was stipulated at the trial "that the property was a vacant lot and had been for the last five years." The only witness who testified on the subject stated that for the five or six years prior to the trial the property had "not been inclosed in any manner or occupied by any residence or dwelling or building, or for farming, or other purposes." This evidence, far from showing that the vendee had been in possession of the land, showed the contrary. The case, then, is simply that of one who, having a contract to purchase land, tenders payment and demands a conveyance, which is refused, and then waits for seven years before seeking to enforce his right to a conveyance. In the absence of any possession by him, it must be held that the statute of limitations has run against his right to enforce the contract.

It may well be that the plaintiff, having once waived its right to declare a forfeiture without first tendering a deed and demanding payment, could not have its title quieted, without complying with such conditions as might be deemed, by the court, to be equitable. But this consideration cannot justify the granting of affirmative relief to the defendant on a cause of action which is barred. Upon the record as it stands the judgment in favor of the defendant cannot be upheld.

It is unnecessary, in view of what has been said, to discuss the other points presented.

The judgment and the order denying a new trial are reversed.

Victor E. Shaw, J., *pro tem.*, and Shaw, J., concurred.

Hearing in Bank denied.