ALONSO RIERA & CÍA., DEMANDANTE Y APELANTE *v.* SALAS ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2281.—Resuelto en julio 22, 1921.

AUTENTICIDAD Y OTORGAMIENTO DE UN PAGARÉ TRANSCRITO EN LA DEMANDA—CONTESTACIÓN NO JURADA—PRUEBA DE FALTA DE CAUSA DE UN PAGARÉ AUTÉNTICO.—Aunque el hecho de que un demandado no jure su contestación conteniendo una negativa general a una demanda fundada en un documento que en ella se transcribe, constituye de acuerdo con el artículo 119 del Código de Enjuiciamiento Civil una admisión de la autenticidad y otorgamiento de dicho documento, esto no impide al demandado presentar prueba en apoyo de una alegación contenida en la materia nueva que constituye una defensa válida y que revela la verdadera causa de la obligación.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. R. Martínez Alvarez.*

Abogados de los apelados: *Sres. Soto Gras & Siaca y A. Nava & Domínguez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El demandante estableció su demanda fundado en un pagaré que se transcribe en dicha demanda, el cual es como sigue:

"San Juan, P. R., Sept. 19, 1917.—Por $450.—Debo y pagaré a los señores Alonso Riera y Cía. de San Juan, el día diez de diciembre, de mil novecientos diez y siete, la cantidad de cuatrocientos cincuenta dollars (450) que me ha facilitado a intereses y recibí a mi entera satisfacción. Y al fiel cumplimiento de este compromiso obligo todos mis bienes habidos y por haber con la garantía del Sr. o Sres. Juan F. Crespo. Zoila Salas. Fiador. Victoriano. Quintero. Fiador."

Los demandados en una contestación sin jurar y después de hacer una negativa general de las alegaciones de la demanda, alegan como materia nueva lo siguiente:

"1. Que allá por el día 19 de septiembre de 1917 la demandante vendió al demandado Juan F. Crespo un automóvil que la demandante se obligó a reparar por su cuenta y a entregar al demandado en el mes de octubre del mismo año de 1917.

"2. Que en virtud de este convenio, y para satisfacer en su oportunidad el importe del precio convenido, el demandado suscribió e hizo entrega a la demandante de un pagaré con la firma de los también demandados Zoila Salas y Victoriano Quintero como fiadores, por la suma de cuatrocientos cincuenta dólares, que el demandado se obligó a pagar el 10 de diciembre de 1917.

"3. Que el automóvil de referencia no fué entregado como fué convenido en el mes de octubre de 1917, a pesar de haber requerido su entrega el demandado Crespo, habiéndose negado la demandante en aquella fecha, y hasta la presente, a hacer la entrega de dicho automóvil de acuerdo con los términos del convenio celebrado por las partes."

La corte de distrito después de un juicio *de novo* en apelación de la corte municipal declaró probados los hechos como fueron alegados por los demandados y declaró sin lugar la demanda. Encontramos al empezar el juicio las siguientes manifestaciones hechas por el abogado del demandante, a saber:

"ABOGADO DEL DEMANDANTE: Sr. Juez: la prueba en este caso ha

de ser simplemente la demanda donde se copia el pagaré íntegramente, donde se hace la alegación de que dicha deuda no está pagada; y al mismo tiempo presentamos también como prueba en este caso la contestación a la demanda, donde aparece una negación general y específica de todas y cada una de las alegaciones de la demanda, sin que esta contestación esté jurada, como lo exije el artículo 119 del Código de Enjuiciamiento Civil en relación con la copia de pagarés o documentos en la demanda; es decir, Sr. Juez, que como la contestación hace una negación general y específica de todas y cada una de las alegaciones de la demanda y no se jura, se admite la autenticidad del documento y, por consiguiente, no tenemos que presentar prueba de clase alguna, porque todas las alegaciones de nuestra demanda han sido aceptadas por la contestación toda vez que en estos casos cuando se copia el pagaré, cuando se quiere impugnar la existencia del pagaré es necesario que se jure la contestación. Esa es; nuestra prueba.

"Abogado del Demandado: No ha sido nuestra intención impugnar el pagaré. Presentaremos la prueba para sostener nuestra contra-demanda."

La prueba aducida por los demandados para sostener las alegaciones afirmativas contenidas en la contestación fué impugnada por el demandante por el fundamento de que habiéndose admitido el otorgamiento y autenticidad del documento que ha sido transcrito en la demanda no debe permitirse a los demandados que varíen o contradigan sus términos.

El alegato del apelante no contiene señalamientos de error por separado o en otra forma pero en el mismo se levantan y contestan en forma negativa las dos cuestiones que transcribimos:

"1. Cuando un demandante alega y copia en su demanda un documento, base de la acción que ejercita, y el demandado en su contestación no jure ésta ¿puede presentarse prueba de clase alguna por el demandado que varíe el otorgamiento y autenticidad de dicho documento copiado en la demanda?

"2. ¿Necesita un demandante presentar otra prueba que la demanda en donde aparece copiado un documento, base de la acción ejercitada, si el demandado no jura su contestación?"

Para sostener la conclusión a que así se llegó se nos citan varios casos ya resueltos por esta corte y las siguientes decisiones de California: *Burnett* v. *Stearns,* 33 Cal. 473; *Sloan* v. *Diggins,* 49 Cal. 40; *Carpenter* v. *Shinners,* 108 Cal. 361; *Brown* v. *Weldon,* 71 Cal. 393; *Moore* v. *Copp,* 119 Cal. 432; *Cutten* v. *Pearsall,* 146 Cal. 694; *Rosenthal* v. *Merced ank,* 110 Cal. 203; *Corcoran* v. *Doll,* 32 Cal. 88; *Hills* v. *Sherwood,* 33 Cal. 474.

En decisiones más recientes de las cortes de California con frecuencia se cita del caso de *Moore* v. *Copp, supra,* lo siguiente:

"Los casos en los cuales la sección 448 ha sido interpretada son numerosos. El resultado alcanzado puede expresarse brevemente como sigue: Cuando el demandado ha alegado como defensa un documento escrito (no por vía de contra-demanda), y el demandante no ha notificado y radicado un *affidavit* en que niegue el documento, ni ha ofrecido prueba impugnándolo por alguna razón, se considerará como admitido el documento y deberá considerarse por lo que de su faz representa ser. Pero el demandante puede atacar el documento mediante prueba de fraude, error, *influencia indebida, transacción,* pago, prescripción, impedimento y defensas semejantes de acuerdo con la sección 462 del Código de Enjuiciamiento Civil. En suma, podrá el demandante mediante prueba, impugnar el documento fundado en cualquiera o en todos los motivos que estime pertinentes *menos impugnar su debido otorgamiento o su autenticidad.* Por autenticidad no quiere decirse otra cosa sino que no es falso, falsificado, o de diferente significación por su faz del otorgado, sino que es el mismo documento otorgado por la parte. (*Sloan* v. *Diggins,* 49 Cal. 38; *Crowley* v. *City R. R. Co.,* 60 Cal. 628; *Fox* v. *Stockton, Etc., Works,* 73 Cal. 273; *Petersen* v. *Taylor,* 34 Pac. Rep. 724 (sin reportar); *In re Garcelon,* 104 Cal. 570; 43 Am. St. Rep. 134; *Carpenter* v. *Shinners,* 108 Cal. 359; *Rosenthal* v. *Merced Bank,* 110 Cal. 198).

Los artículos 119 y 120 de nuestro Código de Enjuiciamiento Civil prescriben lo siguiente:

"Artículo 119.—Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento

se considerarán admitidas, a menos que se jure la contestación negando dicha autenticidad.

"Artículo 120.—Cuando la oposición a una acción se funda en un documento cuya copia vaya inserta en la contestación, o unida a ella, la autenticidad y otorgamiento en forma de dicho documento, se tendrán por admitidas, a menos que el demandante presente al secretario, dentro de los diez días de haber recibido copia de la contestación, una declaración escrita y jurada negando dicha autenticidad, y entregue copia de la misma al demandado."

Puede hacerse referencia de paso a 21 R. C. L., página 559, sección 118, y al volumen 4 de Wigmore, página 3627, sección 2596, en donde se indica de un modo general el probable origen, historia, objeto y principio que sirven de base a tales preceptos estatutorios.

"En ausencia de impedimento la falta u omisión de causa para el documento o pagaré objeto de la demanda constituye una buena defensa en una acción entre las primitivas partes en ella, aun cuando la causa haya sido expresada en él o expresamente reconocida por las palabras 'valor recibido.' Así pues, cuando el librado demanda basado en un pagaré es una defensa que el otorgante fué inducido a firmar mediante una promesa verbal hecha al mismo tiempo que luego no se cumplió." 8 C. J. pág. 744, sec. 1018.

"Si la cantidad que ha de deducirse puede determinarse, según el peso de las autoridades aun cuando no esté expresamente autorizado por el estatuto, la falta u omisión de causa total o parcial es una defensa absoluta o *pro tanto*, según sea el caso, a una acción basada en un pagaré otorgado por el precio de una propiedad; cuando la acción es entre las partes primitivas o por un subsiguiente tenedor del pagaré a quien se imputa conocimiento o aviso de los derechos del comprador." Nota al caso de *Daniels* v. *Englehart*, 39 L. R. A. (N. S.) 939, y casos citados.

"Es otra excepción a la regla general que discutimos, que en acciones en que están envueltos contratos por escrito, la causa expresada generalmente está sujeta a explicación. Así en *pagarés* u *otros contratos*, con frecuencia se alega la defensa de que el contrato no tenía causa, o que la causa ha fracasado; y es admisible la prueba en que se sostiene tal defensa, a menos que no varíe en otros particulares el efecto legal del contrato * * * y ahora es la regla gene-

ralmente adoptada, que la verdadera causa puede probarse' aunque sea diferente de la expresada.'' Jones sobre evidencia, sección 468.

''En este punto es necesario distinguir. La prueba sobre la cual surge la disputa puede ser el efecto de que el documento no fué confiado al librado con la intención de crear una obligación legal; que el hecho de si debe crearse o no una obligación legal, depende de una contingencia, o puede ser el efecto simplemente de que el hacerse cumplir la obligación depende de la contingencia. En el primer caso, lo que se pretende probar con la prueba es que el documento escrito nunca se convirtió en un contrato; en el segundo caso se supone que el documento quedó convertido en un contrato; la prueba se encamina meramente al cumplimiento de la obligación del contrato. * * *

''Los principios como han sido expresados son claros. Pero es sumamente difícil determinar por la prueba, si se presenta una situación en la cual la intención de las partes se refería a la entrega del documento, haciéndola condicional, o meramente a su obligación. Esta es una dificultad que se presenta a la corte cuando se hace necesario resolver sobre el carácter de la prueba. Las cortes no siempre han afrontado esta dificultad enteramente caracterizando la prueba, o como que demuestra un convenio de que el documento no debe tener efecto como contrato válido excepto por cierta contingencia o meramente un convenio que se refiere a su cumplimiento. * * *

'' * * * En caso de que la condición se refiriese meramente al pago puede hacerse ineficaz el documento demostrando una falta de causa, o que ésta ha fracasado; pero esto es por virtud de una regla independiente que no se relaciona con las condiciones anexas ya a la entrega o a la obligación.'' L. R. A. 1917, 6, 306, 308.

''Aunque la autenticidad y el otorgamiento de un documento contenido en la contestación se consideran admitidos por dejarse de presentar un *affidavit* en que se niegue, el demandante, sin embargo, puede controvertirlo mediante prueba de fraude, error, indebida influencia, transacción, pago, prescripción, impedimento, u otras defensas semejantes; en suma, puede él, mediante prueba, refutar el documento por todos y cada uno de los motivos que no sean su debido otorgamiento o autenticidad. *Moore* v. *Copp*, 119 Cal. 429; 51 Pac. 630; *Reynolds* v. *Pennsylvania Oil Co.*, 150 Cal. 629; 89 Pac. 610. Puede presentarse prueba de error, fraude u otra semejante para refutar el documento aunque se haya admitido su autenticidad y debido otorgamiento. *Newson* v. *Woollcott*, 5 Cal. App. 722; 91 Pac.

347; *California Packers Co.* v. *Merritt Fruit Co.*, 6 Cal. App. 507; 92 Pac. 509.    *    *    *

"Aunque el *affidavit* del demandante negando la autenticidad y debido otorgamiento de un pagaré alegado en la contestación se presenta demasiado tarde, tiene él sin embargo, derecho a refutar el pagaré probando otros particulares en justificación o excusa. *Myers* v. *Sierra Valley Stock, Etc., Ass'n.* 122 Cal. 669; 55 Pac. 689. La omisión del demandante en una acción sobre ejecución de una hipoteca en presentar un *affidavit* negando la autenticidad y debido otorgamiento de un documento escrito que se transcribe en la contestación y que implica una prórroga del término del pago del pagaré garantizado por la hipoteca no excluye la prueba por parte del demandante de que la prórroga carecía de causa. *Brooks* v. *Johnson*, 122 Cal. 569; 55 Pac. 423." *Fairall's Code of Civil Procedure*, Part 1, pp. 448, 449, Notas.

"Pero el efecto de la omisión en presentar un *affidavit* de acuerdo con la sección 448 es meramente el de admitir la autenticidad y debido otorgamiento del documento. A pesar de tal admisión puede él impugnar el documento mediante prueba de influencia indebida o error, *Moore* v. *Copp*, 119 Cal. 429 (51 Pac. 630), o que no hubo ninguna causa para el mismo *Brooks* v. *Johnson*, 122 Cal. 569, (55 Pac. 423), o que el traspaso, aunque absoluto en su forma en realidad fué una hipoteca. *Clarks* v. *Fast*, 128 Cal. 422, (61 Pac. 72"). *Cordano* v. *Wright*, 159 Cal. 616.

"El demandante dejó de presentar el *affidavit* negativo exigido por esta sección y por tanto admitió el otorgamiento y autenticidad del recibo. Todavía podía él en el juicio impugnar o explicar los recibos mediante prueba documental o testifical. No habiéndolo hecho está obligado por lo que los recibos dan a entender por su faz *Carpenter* v. *Shinners*, 108 Cal. 362, (41 Pac. 473); *Brooks* v. *Johnson*, 122 Cal. 569, (55 Pac. 423); *Newson* v. *Woollcott*, 5 Cal. App. 723, (91 Pac. 347), y lo que consta es el reconocimiento del pago de todas las *sumas de dinero* debidas por Whitaker & Ray a la sucesión del Dr. Montague." *Mckensie* v. *Ray*, 168 Cal. 622.

A falta de una razón más persuasiva y autoridades que las contenidas en el alegato del apelante, nos vemos obligados a resolver que en cuánto al librador y librado mencionados en un pagaré por el precio de venta en que se consigna una causa en efectivo y que ha sido transcrito en la

demanda, la admisión judicial en cuánto al otorgamiento y autenticidad del mismo, por no haberse jurado la contestación en que se hace una .negativa general y establece nueva materia que constituye una defensa válida y que revela la verdadera causa la que falta enteramente, no excluye la presentación de prueba para sostener la alegación de falta de causa.

La sentencia apelada debe confirmarse.

> *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.