[Civ. No. 4038. First Appellate District, Division Two.—December 1, 1921.]

## J. D. CUDDY, Appellant, v. THOS. O'BRIEN et al., Respondents.

[1] QUIETING TITLE — CLAIM UNDER LEASE — EVIDENCE — MATTERS IN AVOIDANCE—BURDEN OF PROOF.—Where, in an action to quiet title, the plaintiff rested without introducing any evidence because the allegations of his complaint were not denied, and thereupon the defendants in support of their alleged claim of interest introduced in evidence a lease of a spring and right to maintain a pipe-line, and after the defendants had rested the plaintiff called witnesses to rebut the due execution of the instrument but did not tender any other issue, the plaintiff may not be heard to complain because of the failure to make findings on other issues in avoidance of the lease relating to its alleged uncertainty, since the burden was upon the plaintiff to introduce evidence on such other issues.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. F. Brittan and Kaye & Siemon for Appellant.

E. J. Emmons for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to obtain a judgment quieting his title to certain lands in Kern County. The defendants had judgment and the plaintiff has appealed therefrom bringing up the judgment-roll and a bill of exceptions.

The plaintiff's complaint was in the ordinary form of a complaint to quiet title, and described the lands as being the "Southeast quarter of southeast quarter of Section 28,

Township 9 North, range 19 West, S. B. B. & M. North half of northeast quarter of Section 33, Township 9 North, Range 19 West, S. B. B. & M." The defendants, Thomas O'Brien and N. C. Farnum, appeared by their attorney and filed an answer admitting that the defendant O'Brien claimed an interest and pleaded that the defendant O'Brien claimed such interest under and by virtue of a written instrument as follows:

"This Indenture made this 12th day of April, 1917, between J. D. Cuddy of Kern county, California, the party of the first part, and N. C. Farnum of Alameda County, California, the party of the second part, Witnesseth:

"That for and in consideration of ten dollars in hand paid, the receipt whereof is hereby acknowledged, the first party does by these presents lease and demise unto the said second party or his assigns, for the term of fifty years at an annual rental of ten dollars, payable in advance on the first day of May of each year, and other valuable considerations, that certain spring located on the Northerly half of Section thirty-three, Township Nine North, Range nineteen West, S. B. B. & M., Kern county, California, including a right of way across the above described land, eight feet wide for the passing of conveyances, and a pipe line for the conveyance of water from a spring situate near the center of the North half of said section thirty-three to the easterly line thereof, with the right to improve the said spring by trying to produce more water, also the right to fence said springs, enclosing fifty feet square of land with a suitable fence, and improve the spring by building a dam, and covering the spring in any manner he may desire and also to dig a trench on above mentioned right of way, from said spring to the easterly line of said above described section thirty-three to a depth of two feet to receive the water pipe above mentioned. The party of the second part agrees to lay a small iron pipe from above described spring in a northeasterly direction to furnish water to the cattle of the first party. It is further agreed by and between the parties to this lease that should the above mentioned spring fail from any cause to furnish the amount of water required by second party or his assigns, the first party hereby grants to second party or his assigns the right to

develop two other springs belonging to first party to use the water as developed under the same conditions, rights and privileges, as agreed on for first mentioned spring; spring number two is situate northerly of one, and is said to be in NE $\frac{1}{4}$ of NE $\frac{1}{4}$ of section 33, T. 9 North, R, 19 West, S. B. B. & M., Spring three is situated to the northerly from spring number two, and is said to be located on the SE $\frac{1}{4}$ of section 28, T. 9 N., R. 19 West, S. B. B. & M. The party of the second part agrees to furnish enough water for the party of the first part to water cattle if the springs will supply same for both.

"In Witness Whereof, the said parties to these presents have hereunto set their hands and seals, the day and year first above written.

"J. D. CUDDY.         (Seal)

"FLORENCE LOUISE CUDDY.  (Seal)

"N. C. FARNUM.       (Seal)

"Signed, sealed and delivered in the presence of witness,

"L. L. BATEMAN."

It was also alleged in the answer that, subsequent to its execution, said instrument was assigned to Thomas O'Brien and he is now the owner and holder thereof. Thereafter, and in due time, the plaintiff filed an affidavit denying the due execution of said instrument by the lessor. The court, in finding 2, found the existence of said instrument, setting the same forth *in haec verba.* In its judgment the court again set forth the said instrument.

[1] On the trial of the case, without introducing any evidence, the plaintiff rested because the allegations of his complaint were not denied. Thereupon the defendants produced from their possession the said written instrument and called witnesses to prove the due execution of the same. The plaintiff cross-examined such witnesses with reference to the due execution of the instrument. After the defendants had rested the plaintiff called witnesses to rebut the due execution of the instrument and did not tender any other issue. The gravamen of the complaint of the plaintiff on this appeal is to the effect that said written instrument is uncertain and that the findings and judgment do not tend to clarify the uncertainties therein contained. The written instrument is not so uncertain as to be void. To sustain this proposition we do not deem it necessary to

do more than to refer to said instrument. The plaintiff contends that the written instrument, if enforceable at all, required parol evidence to explain its terms and to fix its application. Conceding, without deciding, that that proposition is correct, when the plaintiff follows with the next contention that the duty to offer such evidence rested on the defendants, we think that the plaintiff is in error. In this behalf plaintiff claims that the doctrine declared in *Moore* v. *Copp,* 119 Cal. 429 [51 Pac. 630], covers this case. The defendants do not dispute that contention. Following the doctrine as stated in that case, the plaintiff in the instant case was entitled to rest his case in chief without introducing any evidence. Furthermore, the defendants were entitled to prove the due execution of the indenture of lease, and to introduce the same, and thereupon to rest. Still following the doctrine in *Moore* v. *Copp,* the plaintiff was entitled, in rebuttal, to offer evidence upon any defense in avoidance; or, as stated in *Wolf* v. *Gall,* 176 Cal. 787, 790 [169 Pac. 1017, 1018]: "It is abundantly settled that under issues framed as here, the plaintiffs could, as their attorney represented to the court, overcome the effect of the deed and so destroy its validity upon either equitable or legal grounds. (*Moore* v. *Copp,* 119 Cal. 436 [51 Pac. 630]; *Johnson* v. *Taylor,* 150 Cal. 201 [119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818, 88 Pac. 903]; *Hermosa Beach Land etc. Co.* v. *Law Credit Co.,* 175 Cal. 493 [166 Pac. 22].)" However, the plaintiff did not see fit to introduce evidence (1) showing that spring number 1 was not located on the north half of the northeast quarter of section 33, or (2) as to the exact amount of water that would be used by the appellant or the exact amount that was to be used by the lessee, or (3) that the lands described in the lease were different from the lands described in the complaint, or (4) as to the exact boundaries of the right of way referred to in said lease, or as to whether a right of way was already marked on the ground, or (5) that the leasehold described had been terminated, forfeited, or lost. During the trial it appeared incidentally that before the said written instrument was reduced to writing that the lessee and the lessor held long conversations regarding the terms of the lease, but the plaintiff made no attempt whatsoever to clarify any of the terms of the instrument in question. In this behalf, it

is of importance to note that during the proceedings in the trial court every person who was present and heard the preliminary conversations and every person who was familiar with any fact that would have tended to clarify the language of the lease was present in the courtroom and was called as a witness with reference to some matters, but such persons were not questioned by the plaintiff on any matters which would have tended to clarify those subjects he now claims are obscure. Under these circumstances the plaintiff may not be heard to complain because the trial court did not make findings on issues which should have been tendered by the plaintiff if the plaintiff wanted a finding thereon.

There was no error in the ruling of the trial court sustaining an objection to the question as to whether the respondent O'Brien paid any rent for the month of May, 1918. It was not an action for debt, neither was it an action on a contract, and there was no attempt to show that the nonpayment of a month's rent, or any rent, had resulted in a forfeiture of all the rights of the lessee under the indenture of lease.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 23, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 30, 1922.

All the Justices concurred.