[Civ. No. 260. Fourth Appellate District.—July 30; 1930.]

DORA M. FOSTER, Administratrix, etc., et al., Respondents, v. HARRY R. DE VENNEY, Appellant.

Curtis Hillyer and W. E. Hardenburg for Respondents.

CARY, P. J.—Plaintiff is administratrix of the estate of Mary Henman, deceased. Deceased, an elderly spinster whose eyesight and hearing were defective, was the owner of the land which is the subject of this litigation. Having but little experience in business affairs, she relied in such matters upon the advice of one Crandall. She lived on the northwest portion of this property and the remainder was occupied by a dilapidated hotel building. A seven thousand dollar mortgage encumbered the entire parcel. Unable to meet the rising tide of taxation and assessments she contacted a realtor, Chittick, with the request that he find a purchaser. In due course he produced defendant. Deceased referred defendant and Chittick to Crandall with whom they briefly discussed the proposed sale. A rough memorandum of the terms drawn by Chittick was shown to Crandall who expressed his approval. At this point there is a conflict in the evidence. Defendant claims that the agreement of sale as finally executed corresponded with the terms of the rough draft shown Crandall. Crandall on the contrary testified that the final agreement differed materially from the one approved by him. He stated that from his negotiations with defendant he understood that defendant was to pay deceased a small amount in cash, pay off the seven thousand dollar mortgage in full, buy the land except that portion which included deceased's house and as security for the balance of the purchase price give deceased a trust deed on the purchased property payable at eighty dollars per month. Thus deceased would have had her own house free and clear and an income of eighty dollars per month secured by a first lien on the balance of the property. The contract as actually executed gave deceased her own house clear but left the seven thousand dollar mortgage on the part purchased, and as security for the balance of the purchase price gave deceased a trust deed subject to the seven thousand dollar mortgage. This placed deceased in the position where a foreclosure of the seven thousand dollar first mortgage by some third party might wipe out all her security for the balance of the purchase price. Crandall never saw the final agreement until some time

after its execution, and he testified that he would not have allowed her to sign such a contract because it provided that her trust deed was to be subsequent to the seven thousand dollar mortgage.

Deceased repudiated the transaction shortly after signing the contract. Defendant thereupon recorded the contract and informed deceased that he would stand upon its terms. Deceased then instituted this action to quiet title. Defendant set up his contract and also filed a cross-complaint for specific performance. Plaintiff and cross-defendant filed her answer setting up as a defense that the contract was the result of fraud on the part of cross-complainant.

The court found that Chittick was the agent of both deceased and defendant, that while the purchase price was, under the circumstances, adequate, the fact that the trust deed was subsequent to the seven thousand dollar mortgage made the transaction unfair as to deceased; and further found that deceased was acting under a mistake of fact in that she had assumed Crandall had approved the contract prior to the time it was presented to her for signature, whereas in fact he had not seen it. The court, concluding that the mistake was sufficient to avoid the contract and that the lack of fairness in the contract was sufficient to prevent its specific performance, quieted plaintiff's title in the land and refused defendant all relief.

Two main questions are presented in this appeal; first: whether there is sufficient evidence to support the finding that the terms of the contract were not just, fair and adequate. Second: whether the mistake as found by the trial court was of the kind which would warrant the court in quieting plaintiff's title against defendant's claims under the contract.

■ If there be a mistake sufficient to justify the court in quieting plaintiff's title against defendant's claims under the contract, the question of whether the terms of the contract were just, fair and adequate becomes immaterial. We, therefore, consider the question of mistake first.

■ Defendant's argument is: That he attached a copy of the contract to his answer; that no affidavit was filed by plaintiff denying this contract; that under Code of Civil Procedure, section 448, the genuineness and due execution

of the contract are deemed admitted; that this forecloses any inquiry regarding mistake in its execution; that the finding of mistake (which is the sole basis of quieting plaintiff's title) is therefore entirely without the issues; and that this court should revise the findings by eliminating therefrom all reference to mistake.

Exactly the same contention was made in *Moore* v. *Copp,* 119 Cal. 429 [51 Pac. 630], but held to be without merit. It was there held that plaintiff might controvert the instrument by evidence of fraud, mistake, undue influence and like defenses and this ruling has been cited with approval many times since.

■ Defendant claims further that the mistake, even though it be granted, is not of a kind sufficient to warrant quieting plaintiff's title against the defendant's contract. The precise reason for this contention is not set forth in appellant's brief, but from the case cited in support thereof it may be inferred to be that the mistake was not one "material to the contract" within the meaning of Civil Code, section 1577. No cases have been cited by either side where the facts were similar to those at bar. But it seems clear upon principle that the mistake was one material to the contract. Deceased was not willing to trust her own judgment as to whether the contract was one she should sign. Defendant knew that deceased was relying upon the judgment of Crandall. It was, therefore, not a question of whether deceased knew what the contract contained. Rather was it a question of whether Crandall, whose judgment she trusted to interpret its terms, knew of and approved its terms. To illustrate: Presume that deceased knew nothing about engineering. It becomes necessary for her to order an engine capable of performing certain work. Her friend Crandall is an engineer; she tells him what work the engine must perform and asks him to see that the specifications contained in the contract will assure her of an engine of the type required. The contract is brought to her for her signature. She, believing that Crandall has approved its terms, signs it. Obviously, her signature has been obtained by a mistake. And that mistake is most material to the contract because the person on whose judgment she is depending has never given his approval to

its terms. Applying the illustration to the facts in the instant case, deceased was relying upon the business judgment of Crandall to protect her in her security. She was not willing to trust her own judgment. When she signed she believed that the person upon whom she was relying knew the terms of the contract and approved them. Her mistake, therefore, was one material to the contract.

. The defense of mistake being open to plaintiff under the pleadings as formed, the court having found that the contract was signed by mistake, and it being apparent that the mistake was one material to the contract, the trial court correctly concluded that plaintiff's title should be quieted as against the contract. The question then of whether the contract was just, fair and adequate, when viewed from the standpoint of specific performance is immaterial.

We have examined the other specifications of error and find them to be without merit.

The judgment is affirmed.

Marks, J., and Ames, J., *pro tem.*, concurred.