[Civ. No. 3614. Third Appellate District.—March 19, 1929.]

JAMES H. McKENZIE, Respondent, v. LOS ANGELES LIFE INSURANCE COMPANY (a Corporation) et al., Defendants; PEOPLES MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

Butler, Van Dyke & Desmond and A. B. Weiler for Appellant.

J. J. Henderson and W. A. Green for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for compensation under the terms of an accident insurance policy for injuries sustained. The appellant contends that a receipt in full, which was signed by the respondent, and which is set up in the answer as a defense, bars the recovery.

The respondent was insured against accident by the Los Angeles Life Insurance Company. This policy was sold and transferred to the appellant Peoples Mutual Life Insurance Company, which thereafter became obligated to respondent as insurer. While this policy was in full force, on August 4, 1926, the respondent, who was a plasterer by occupation, sustained a severe injury to his left ankle and heel, which totally incapacitated him for a period of time and compelled him to resort to a hospital for treatment. Three monthly payments of $100 each were made to respondent by drafts upon the insurance company. Upon the backs of these drafts was printed the following form of receipt:

"By my endorsement I discharge and release Mutual Indemnity Accident, Health & Life Insurance Company of California and accept the amount of this check as *full* payment and satisfaction of any and all claims and all attending and after effects therefrom, which I myself, my heirs, executors, administrators, assigns or beneficiaries now have or may hereafter have under policy No. 23431 for or on account of injury sustained by me on or about August 4, 1926."

Upon the making of each payment the receipt was required to be signed by the insured. Before signing these receipts for the first three payments, the word "full," which is hereinbefore italicized, was changed to read "part" payment. Upon receiving the fourth payment this receipt was

signed by the respondent without this word having been changed. This suit was brought for a balance of compensation alleged to have subsequently accrued. Judgment was rendered in favor of the respondent for the sum of $940.

The trial court found that at the time the respondent signed this receipt, "plaintiff's eyes were somewhat affected and he could not read the endorsement appearing on the back of said last check; that plaintiff was not aware . . . that a full release of all claims was printed on the back of said check; . . . that said . . . last check was not accepted in full settlement . . . " In further justification of respondent's signature to the receipt, the court also found that the respondent and the agent of appellant who presented this check and procured his signature were close personal friends and members of the same union, and that upon inquiry on the part of respondent this agent assured him that "the check was only part payment and only good for one month's compensation under the policy." The court further found that relying upon these false statements and being unable to read for himself, the respondent unwittingly signed the receipt in full. The evidence supports these findings of the court. This testimony of the fraudulent inducements to procure the signature to the receipt in full was received in evidence over the objection of appellant upon the grounds that it was incompetent since the respondent had failed to deny, pursuant to section 448 of the Code of Civil Procedure, the genuineness and due execution of the receipt as it appeared in the answer and because the $140 had not been repaid and there was no effort to rescind the instrument.

A receipt is always subject to explanation by parol evidence. In Jones on Evidence (3d ed., 763, sec. 491), it is said: "Receipts which are executed in the form of releases under seal purporting to be in full of all demands may be explained by proof of fraud or mistake." The failure to deny an instrument which is set up as a defense in the answer admits only the genuineness of the document and its due execution. (Sec. 448, Code Civ. Proc.) By the use of the term genuineness is merely meant that the document pleaded is the identical instrument which it purports to be, and that it appears in the exact form in which it passed between the parties. The admission of the due execution means only that the instrument was regularly signed

and delivered in the form in which it appears. (*Moore* v. *Copp*, 119 Cal. 429 [51 Pac. 630].) The admission of the genuineness and due execution of the instrument by failure to deny it pursuant to the provisions of section 448 of the Code of Civil Procedure does not preclude a person from challenging the effect of the document on the ground of fraud, mistake or undue influence, so long as he does not attack its presumed genuineness or due execution. (*Baird* v. *Pacific Electric Ry. Co.*, 39 Cal. App. 512 [179 Pac. 449]; *Garcia* v. *California Truck Co.*, 183 Cal. 768 [192 Pac. 708]; *Newsom* v. *Woollacott*, 5 Cal. App. 722 [91 Pac. 347].)

In the present case the evidence amply supports the findings to the effect that the receipt in question was procured to be signed by means of fraud. It was not necessary, under the circumstances of this case, to first seek to rescind the document and restore the money for which it acknowledged receipt. There was no dispute between the parties as to the right of the respondent to this sum of money under the terms of the policy. All that the appellant claims is that no further sums were due for the reason that respondent had receipted in full for all future claims. Mr. Robinson, the agent for appellant, testified that he obtained the receipt under the following circumstances:

"I told McKenzie that Dr. Harris had told me he would be able to return to work within a short time and that his policy called for payments of $100 per month during total disability and $40 per month during partial disability. I stated I intended to go to Los Angeles for the holidays and would like to clean up the entire matter and I proposed to him that I pay him $100 for one month of total disability, which would be for December, and then one month at $40 which would be for the month of January, as Dr. Harris had stated he could return to work during January."

It will be observed that Robinson concedes the respondent would be totally disabled during December and partially disabled during January. He conceded that respondent would be entitled to the entire sum of $140, which he then paid to him. No other evidence was adduced relative to this subject. There was no controversy over the fact that respondent would be entitled to this payment for the months of December and January. There is no evidence whatever to indicate a dispute over the amount which would become

due or to warrant the inference that a compromise occurred. This money which was paid, therefore, belonged to the respondent according to the uncontradicted evidence, and it was not necessary for him to return it as a prerequisite to the maintenance of this action for other and further sums claimed to have subsequently accrued. It has been uniformly and repeatedly held that one is not required to restore that which he would be entitled to retain under any circumstances. (*Garcia* v. *California Truck Co.*, 183 Cal. 767, 771 [192 Pac. 708]; *Menefee* v. *Oxnam*, 42 Cal. App. 81, 95 [183 Pac. 379]; *Haserot* v. *Keller*, 67 Cal. App. 659, 673 [228 Pac. 383].) The case of *Garcia* v. *California Truck Co.*, *supra*, upon which the appellant in this case chiefly relies, is authority for the preceding declaration of principle. That case, however, was based upon an entirely different state of facts. The plaintiff in that case, while crossing a street in Los Angeles, was struck and injured by a runaway team. He made a claim against the owner of the team for damages. The amount of this claim was unliquidated and uncertain. There was evidently a dispute over the amount of compensation. This dispute was settled by the payment of $350, which the plaintiff accepted "in compromise of my claim against the said California Truck Company," and as payment in full for "any and all causes of action, costs, charges, claims or demands of whatever name or nature in any way arising or growing out of the accident." The court quite properly said: "The plaintiff originally had a claim for unliquidated damages for personal injuries. Solely in consideration of the settlement and release of this claim, which he now seeks to avoid, he received $350 from defendant. The simple rescission of the contract of release would leave him with a disputed claim for damages, and with no right whatever to retain this money paid him for an abandonment of all claim for damages. . . . The money paid was not his in any event, but was his only in the event that there had been a valid release of the claim for damages."

In the present case there was no condition imposed nor implied upon which the title to the $140 was to depend. That sum was conceded to belong to him *in any event*. The only dispute in this action is whether the respondent released the appellant from any future monthly payments

which he might claim. Neither the language of the receipt, nor the testimony of appellant's witness indicates that the $140 was paid as a compromise. Just the contrary appears from the undisputed evidence. It would be absurd to hold that this $140 which belonged to the respondent must first be returned before he would be permitted to maintain an action for other subsequent disputed payments under the insurance policy, which could in nowise affect the right or title to installments which had already been conceded to be due, and which were unconditionally paid. All of the cases recognize the principle illustrated in the distinction which we have drawn between the Garcia case and the present action. We are cited to no authorities to the contrary.

It follows that a rescission of the receipt was not required; restoration of the money which was unquestionably due and which was paid was unnecessary. The evidence sufficiently supports the findings of fraud in procuring the respondent's signature to the purported release.

The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1929.

All the Justices present concurred.