[Civ. No. 8500. Second Appellate District, Division One.—January 2, 1935.]

DAISY B. WALSH, Appellant, v. C. E. JACOBSON, Respondent.

478

J. E. Light for Appellant.

No appearance for Respondent.

HAHN, J., *pro tem.*—Plaintiff appeals from a judgment in favor of defendant in an action brought upon a written contract for the payment of $3,000. Appellant in her brief asserts that the only question involved in this appeal, is whether or not she had the right to offer evidence in rebuttal to controvert the effect of a written instrument bearing her signature which defendant set up in his answer as an affirmative defense to the action, and as to which receipt plaintiff did not file any affidavit denying its execution. As respondent has filed no brief, we shall consider alone the question as stated by appellant.

Plaintiff's action is based upon an agreement dated June 18, 1929, wherein defendant agreed, in settlement of a lawsuit then pending between them, to pay plaintiff $3,000. The agreement further provided that defendant would convey to plaintiff, as security for the payment of said sum, lot 21 of the Glen Eyrie tract. The complaint admits the payment of $500 on account of said indebtedness and prays judgment for $2,500, the balance remaining unpaid. The answer of defendant in addition to certain denials, sets up as a separate affirmative defense, a satisfaction and discharge of all claims of the plaintiff against defendant arising out of said contract of June 18, 1929, by the defendant conveying to plaintiff on June 26, 1929, title to certain real property, which settlement was evidenced by a writing signed by plaintiff, which reads as follows:

"Received of C. E. Jacobson, a deed and Guarantee of title to Lot forty (40) tract No. 1083, as per map recorded in book 17, page 84 of maps, in the office of the County

Recorder of Los Angeles Co., in full settlement of all claims against said C. E. Jacobson, arising out of the New Brunswick Apt. House deal, including that certain contract agreement dated June 18, 29, and calling for a ($3,000) payment. Daisy B. Walsh.''

No affidavit, as provided for in section 448 of the Code of Civil Procedure, denying the execution of said receipt was filed by plaintiff.

In addition to other evidence supporting the allegations of her complaint, plaintiff testified that on or about September 17, 1929, defendant requested of her that she reconvey to him lot 21 of the Glen Eyrie tract, which he had conveyed to her as security for the payment of the $3,000 he owed her, and stated that in place thereof he would convey to her a lot and house in Burbank, which was lot 40 of tract 1083 referred to in the receipt pleaded in defendant's answer; that about June, 1930, almost a year after she received a deed to lot 40 of tract 1083, she found a buyer for the lot and asked defendant if it was all right to sell it and credit on his obligation to her the amount she received for the property. This she did, crediting the sum of $500, which she received for the lot, on the indebtedness owing her. With this evidence, plaintiff rested her case. Whereupon counsel for defendant made the following statement:

''Now, if your Honor please, with the evidence that is before the court in the form of the testimony by Mrs. Walsh, the plaintiff, and the documents and the other evidence, by virtue of the failure on the part of the plaintiff to deny the authenticity and due execution—and I refer to a receipt set forth in the answer of the defendant—I ask at this time, your Honor, to enter judgment for defendant.'' Then followed an extended discussion between court and counsel as to the merits of the motion. Counsel for defendant all through the discussion insisted that plaintiff's failure to file an affidavit denying the execution of the receipt foreclosed to her any right to offer evidence to rebut the effect of the document set forth in the answer, and that the court was bound to accept the pleaded receipt as conclusive evidence that the obligation had been satisfied and discharged. Counsel for plaintiff argued that her failure to file an affidavit denying the execution of the receipt

operated only to admit its genuineness and due execution, and that she had the right to offer evidence in rebuttal to attack it on any other grounds; that he desired to put on evidence for this purpose. At the close of the argument the following colloquy between court and counsel took place:

"Mr. Light (attorney for plaintiff): With regard to that receipt, while we admit the due execution of it, yet it may be explained that the thing was obtained by fraud, or that— The Court: You have to plead fraud in order to take evidence in regard to fraud, fraud has to be especially pleaded. . . . The law gives you a chance to come in and file your affidavit in which you set up fraud. It does not say what your affidavit must contain, it gives you a chance to set up an affidavit; when you have not fulfilled the law, it would not be within the province of this court to let you open up your case, if you have not complied with the law by filing this affidavit. It is just as though you did not have any answer. . . . Judgment for defendant will have to be entered."

It is well established by decisions of our appellate courts that where an answer filed in an action sets up a written instrument as an affirmative defense to the suit, and the plaintiff fails to file an affidavit denying the execution of such instrument as provided for in section 448 of the Code of Civil Procedure, the plaintiff is estopped from attacking the instrument only upon the grounds of its "genuineness and due execution". The plaintiff may, without filing any replication, which under our practice is not required because all new matter set up in the answer is deemed denied, controvert the instrument by evidence of mistake, undue influence, fraud, estoppel and any other defense that would be open if such instrument were the basis of an action. (*Moore* v. *Copp*, 119 Cal. 429 [51 Pac. 630]; *Clarke* v. *Fast*, 128 Cal. 422 [61 Pac. 72]; *McKenzie* v. *Los Angeles Life Ins. Co.*, 97 Cal. App. 659 [275 Pac. 1003]; *California Packers Co.* v. *Merritt Fruit Co.*, 6 Cal. App. 507 [92 Pac. 509]; *Garcia* v. *California Truck Co.*, 183 Cal. 767 [192 Pac. 708].)

It clearly appears from the record that the trial court in denying plaintiff's request to put on evidence to rebut the effect of the pleaded receipt, did so in the belief

that plaintiff, having failed to file any affidavit denying the execution of the document, was foreclosed by section 448 of the Code of Civil Procedure from attacking the receipt on any ground. In this conclusion the court was in error. Plaintiff had a right to attack the receipt on the ground of fraud, which counsel in his argument indicated was the purpose for which he offered the refused testimony.

Judgment is reversed.

Conrey, P. J., and Houser, J., concurred.