[No. 12043.   Department Two. — August 30, 1887.]

JOHN FOX et al., Appellants, v. STOCKTON COMBINED HARVESTER AND AGRICULTURAL WORKS, Respondent.

Pleading — Admission of Genuineness and Execution of Contract Contained in Answer — Joint and Several Contract. — The action was brought by the plaintiffs on a contract alleged to have been made with them jointly by the defendant for the manufacture and sale to them of two machines. The answer denied the execution of any joint contract with the plaintiffs, and alleged the execution with each of them severally of two written contracts for the sale to them respectively of one machine each. Copies of these alleged contracts were annexed to the answer, and the plaintiffs, by failing to file the affidavit required by section 448 of the Code of Civil Procedure, admitted their genuineness and due execution. On the trial, the plaintiffs offered to prove by parol the contract alleged in the complaint, but the court excluded the evidence. *Held*, that the ruling was error.

Appeal from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*D. S. Terry, W. E. Turner,* and *L. J. Maddux,* for Appellants.

*W. L. Dudley,* and *James H. Budd,* for Respondent.

Sharpstein, J. — The plaintiffs allege that they are farmers, and jointly interested in the cultivation of land in Stanislaus County; that the defendant, a corporation, in March, 1884, by and through its duly appointed and authorized officers, contracted and agreed with these plaintiffs to manufacture and deliver to them, on or about the —— day of June, 1884, two twelve-foot Shippee combined harvesters, with Shippee and Grattan improvements, at the agreed price of three thousand six hundred dollars ($3,600), and then and there warranted, covenanted, and guaranteed that each of said harvesters

should do and perform good and satisfactory work in the harvesting, cutting, and saving of grain, and that each of said harvesters should give good satisfaction in the doing and performing of the work for which they had been manufactured, to wit, the harvesting, cutting, and saving of grain in the harvest-fields; that relying upon and in consideration of said representations, covenants, agreements, warranties, and guaranties as aforesaid, made by and on behalf of said defendants to these plaintiffs, said plaintiffs did agree to take, receive, and accept said harvesters with said improvements, and pay therefor the aforesaid sum of three thousand six hundred dollars ($3,600); that on or about the —— day of June, 1884, said defendant did deliver, in pursuance of said contract, two twelve-foot Shippee combined harvesters, with Shippee and Grattan improvements, and these plaintiffs received the same, and thereupon paid to the defendant the aforesaid sum of three thousand six hundred dollars ($3,600); that the plaintiffs took said harvesters to their grain-fields, and with all proper precautions, aids, and management undertook to work with said harvesters, but they failed to do any work of any value whatever in harvesting, cutting, or saving grain; and that after ascertaining that said machines would not do the work which they were guaranteed by defendant to do, the plaintiffs returned them to the defendant, and demanded of defendant the sum paid for them, and the further sum of three thousand dollars damages, sustained by plaintiffs by reason of the promises aforesaid.

The answer of the defendant admits that it represented to plaintiffs that said machines were of great value in the harvesting of grain; denies that in March, 1884, it contracted to manufacture and deliver to plaintiffs two twelve-foot Shippee combined harvesters and Grattan improvements, as alleged in the complaint. Other allegations are denied, which it is unnecessary to enumerate, as the decision of the cause must turn upon the

second defense to the action, in which it is alleged that
the defendant never entered into any contract or agree-
ment with the plaintiffs jointly, but contracted with each
of them separately; that it sold and delivered one ma-
chine to Fox, and afterwards another to Tilton; that the
contracts of sale and delivery are in writing, and that
copies of them are attached to the answer and made part
thereof.   One of the copies attached purports on its face
to be an agreement between the defendant and plaintiffs
for the manufacture and delivery by the defendant to
Fox of one twelve-foot Shippee combined harvester, with
Shippee and Grattan improvements, for the sum of eigh-
teen hundred dollars, gold coin of the United States.
This is followed by other stipulations, which it is un-
necessary now to consider.   The other copy attached
purports to be a contract been the defendant and the
plaintiff Tilton, of like import with that between the
defendant and plaintiff Fox.   On the trial the plaintiffs
were proceeding to prove by oral testimony the contract
as alleged in their complaint.   The defendant objected,
on the ground that plaintiffs had not, as provided in
section 448, Code of Civil Procedure, filed an affidavit
denying the genuineness and due execution of the writ-
ten instruments, of which copies were contained in the
answer.   As we construe the questions, objections, and
rulings, the court regarded the plaintiffs as occupying
the position they would have occupied if they had de-
clared upon or proved a contract or contracts in writing
similar to those contained in the answer.   This we
think to be untenable.   The plaintiffs admitted the
genuineness and due execution of the instruments as
contained in the answer.   But did not, as we view it,
admit that those were the contracts under which they
purchased the machines mentioned in the complaint.
The plaintiffs allege a contract made with them jointly.
Two contracts made with them severally would not con-
clusively prove that there might not have been one made

with them jointly. The due execution and genuineness of the instruments were admitted, but it was not admitted that those were the contracts sued on. The plaintiffs must be deemed to have denied all the other allegations of the answer. We think they should have been permitted to prove the contract alleged in their complaint, and that the court erred in denying them the right to do so. For which reason the judgment and order denying them a new trial are reversed, and the cause is remanded for a new trial.

McFARLAND, J., and THORNTON, J., concurred.