[Civ. No. 633.   Second Appellate District.—May 29, 1909.]

## F. C. BENEDICT, Respondent, v. CALVIN J. WILSON and WINTON & McLEOD COMPANY, a Corporation, Appellants.

BROKER'S COMMISSIONS—SALE OF LAND AT AUCTION.—The assignee of a real estate company may recover commissions on a sale of land by it at auction for the defendants.

ID.—DEFAULTING PURCHASERS—BROKER NOT GUARANTOR OF PAYMENT OF PURCHASE PRICE.—A broker selling land at auction is not a guarantor of the payment of the purchase price on the sales thereby made and does not lose the right to commissions by reason of the default of the purchasers in such payments.

ID.—AGREED STATEMENT OF FACTS—CONSTRUCTION—FAILURE OF DUTY NOT SHOWN — PRESUMPTION — PERCENTAGE — REFERENCE TO DEFAULTING PURCHASERS.—Where the case was determined upon an agreed statement of facts, which does not show that the real estate company failed to perform any duties required of it, it cannot be presumed that it failed of its duty to collect percentage of purchasers at the time of sale, if it be assumed without proof that he was required to collect the same upon the fall of the hammer or no sale; and the reference in the agreed statement of facts to the defaulting of purchasers should be construed to refer solely to subsequent defaulted payments of the purchase price, when its language admits of such construction.

ID.—ABSENCE OF PROVISION FOR PERCENTAGE—COMPLETENESS OF AUCTION SALE—ENTRIES BINDING PARTIES.—In the absence of an express provision in the contract for sales at auction that percentage must be collected on the fall of the hammer, the sale of a lot at auction was complete when the auctioneer announced that the lot was sold; and entries in his sale-book, specifying the lot sold, the names of the seller and buyer, and the price and terms of sale, bind the parties the same as if the memorandum was made by the parties themselves.

ID.—EARNING OF COMMISSIONS.—A broker earns his commissions when he brings the buyer and seller together, each being willing to effect a sale, where nothing further is required of the broker by the terms of the contract, and the same rule applies when the sale of the land is made at auction.

ID.—LIABILITY OF DEFENDANTS AS PRINCIPALS—AGENCY NOT DISCLOSED. The defendants, as matter of law, made themselves liable as principals to the real estate company for commissions on their sales at auction of lots in a tract of land described in the agreed statement

of facts under their contract therewith, where it was not executed by them in the name of anyone as agent, but solely as individuals.

ID.—RECITAL OF PHRASE "SYNDICATE COMMITTEE"—CONSTRUCTION.— The description of the defendants as a "syndicate committee" of the syndicate owning the property described, in the recitals of the contract, is to be taken most strongly against them as makers and promisors, and the word "committee" may be construed to be a committee of the whole syndicate; nor can the allegations of the answer be considered in aid of the construction of this language, to the advantage of the defendants, or to add to the agreed statement of facts, showing their individual liability.

ID.—RECITALS IN CONTRACT EXECUTED INDIVIDUALLY.—When a person executes a writing in his individual capacity, and recites in the body of the instrument that he acts as representative of a third person, it cannot be said, as matter of law, that by so doing he binds the third person, and with much less reason can it be said that he does not bind himself individually.

ID.—QUESTION OF FACT—PAROL EVIDENCE—ABSENCE OF EVIDENCE.—At most, in such case, it becomes a question of fact whether the third party is also bound, as well as those signing individually, to be determined by parol evidence; but in the absence of any evidence, except the fact of the execution of the writing by the defendants individually, they are the only parties appearing to be bound by the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

H. M. Barstow, for Appellants.

Charles S. McKelvey, for Respondent.

TAGGART, J.—Action to recover on contract for commissions earned and disbursements made in sales of real estate by plaintiff's assignor.   The case was submitted on an agreed statement of facts.

The contention of plaintiff is that he was entitled to collect $750 on account of the disbursements made by him under the contract, consisting of $500 on account of presents to stimulate sales and $250 paid for traveling expenses in going to and from the place at which the sales were made, and commissions on all sales made by him, amounting in the aggregate to $2,310.94, on which he had received the sum of $1,021.25,

leaving a balance due of $2,039.69. The defendants admitted by the agreed statement that plaintiff's assignor had expended $325 on account of presents, and that they owed plaintiff under the contract the further sum of $504.18, included in which was the $250 transportation charge. The defendants contend, however, that of the commissions claimed by plaintiff $1,035.50 were computed on sales made by plaintiff's assignor, the Metropolitan Land Company, under the contract, but upon which nothing "has been or will be received."

The court gave judgment for the sum of $325 on account of presents, $250 for traveling expenses, and $1,289.68 balance due on commissions; the latter sum including the $1,035.50 to which defendants object. The question here presented is the right of plaintiff to recover commissions on the sales in which the purchasers have defaulted. The contract does not make the Metropolitan Land Company a guarantor of the payment of the purchase price on the sales made by it. Its duties were to make a sale of the lots at private sale, or public auction, collect all first moneys, make out bonds and contracts, and get signatures thereto, and to render accounts of its transactions and of moneys received, and to furnish all data necessary for the execution of deeds to the purchasers.

There is nothing in the statement of facts showing that it failed to perform these duties or any of them. The language of the statement referring to the defaulting of purchasers is not entirely clear, but the only matter as to which any question can be raised in respect to the performance of the contract by the Metropolitan Land Company is that of collecting first moneys. Paragraph "3" of the agreed statement is as follows: "That the commissions accruing on defaulted contracts of sale with purchasers at the auction sale had under such contract by the Metropolitan Land Co., and no part of which has been or will be received, amount to $1,035.50." If it were to be assumed from the statement that a certain sum or percentage of the purchase price was required to be collected on the fall of the hammer, or no sale, there is nothing to negative the inference that any amounts so required to be collected were actually collected by the land company. The inference that such sums were not collected does not necessarily follow from the language used, to wit: "and no part of which has been or will be received." This failure of receipt may refer

10 Cal. App.—46

solely to subsequent defaulted payments. Such a view of the term "defaulted contracts of sale" is borne out by the use in subdivision "b" of paragraph "4" of the agreed statement of the language: "regardless of subsequent defaults of contracting parties," in connection with the statement of plaintiff's contention in this respect. There is nothing, however, in either statement or pleading to show that as to the sales in which default was made there was any first money required to be paid, and consequently it cannot be presumed that the land company failed to collect it.

In the absence of any such a provision in the contract, the sale by auction was complete when the auctioneer announced that the lot was sold. (Civ. Code, sec. 1793.) An entry by him in his sale book specifying the thing sold, the names of seller and buyer, the price and terms of the sale, binds the parties the same as if the memorandum was made by the parties themselves. (Civ. Code, sec. 1798.) We hardly think the appellants would contend that, if a broker had brought the parties to a private sale to this point, he would not be entitled to his commissions in the absence of some express agreement requiring him to do something else. If there was anything else required of the Metropolitan Land Company which it failed to do, it is not set down in the statement of fact, or the answer.

There may be some question whether or not, under the agreed statement of facts, it is necessary for us to consider the other point made by appellants, the controversy having been submitted solely upon the matter of the amount of commissions to be allowed, and there having been no question raised as to the liability of appellants to pay whatever judgment was properly entered. Conceding that the question is one of law within the rule applied in *San Francisco L. Co.* v. *Bibb,* 139 Cal. 325, [73 Pac. 864], it is clear that the defendants made themselves liable as principals to the Metropolitan Land Company under the contract set out in their answer. They did not execute it in the name of anyone as agent, but as individuals, and describe themselves as a syndicate committee of the syndicate owning Corinth Heights in the recitals in the contract. Taking the language most strongly against them as makers of, and promisors in, the covenants of the instrument relied upon by them here, and the word "com-

mittee'' may be construed to be a committee of the whole syndicate. (Civ. Code, sec. 1654.) The allegations of the answer cannot be considered in aid of the construction of this language to the advantage of the defendants, or to add to the agreed statement of facts.

Where a person executes a writing in his individual capacity and recites in the body of the instrument that he acts as the representative of a third person, it cannot be said as a matter of law that by so doing he binds the third person, and with much less reason can it be said that he does not bind himself. At most, it becomes a question of fact which may be determined by parol evidence (*Southern Pacific Co.* v. *Von Schmidt*, 118 Cal. 368, [50 Pac. 650]), and there is no evidence on the subject before us, except the fact of the execution of the writing by defendants individually.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.