[Civ. No. 2482.   Second Appellate District, Division One.—February 6, 1919.]

R. A. SIPLE, Appellant, v. E. W. KNAPP, Respondent.

CLAIM AND DELIVERY—ACTION TO RECOVER POSSESSION OF AUTOMOBILE —DEFENSE OF BILL OF SALE BY AGENT OF PLAINTIFF—FAILURE TO FILE AFFIDAVIT DENYING GENUINENESS AND DUE EXECUTION.— Where in an action in claim and delivery to recover possession of an automobile the defendant sets up as a defense its purchase by himself and a bill of sale thereof set forth *in haec verba* on its face purporting to be signed by the plaintiff through an agent, the failure of the plaintiff to serve and file an affidavit as required by section 448 of the Code of Civil Procedure precluded the plaintiff from showing that the bill of sale was executed by the purported agent without authority.

ID.—MOTION FOR RELIEF DISCRETIONARY.—The court did not err in such case in denying a motion for relief under section 473 of the Code of Civil Procedure, since in order that relief should have been granted under that section it was necessary that it should be made to appear that there was some inadvertence, neglect, or mistake of an excusable kind, and the court had discretion in determining that matter.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. T. Sprowls and Tom C. Thornton  for Appellant.

John J. Craig  for Respondent.

JAMES, J.—Appeal from a judgment rendered in favor of defendant.   The judgment-roll is presented, together with a bill of exceptions, showing the proceedings had in the case.

Plaintiff sued in claim and delivery to recover possession of an automobile or its value.   Defendant answered, denying the ownership of the plaintiff or his right to the possession of the machine, and affirmatively alleged that the defendant had purchased for a valuable consideration the automobile from the plaintiff and had received a bill of sale, which was set out

*in haec verba* in the answer. This bill of sale recited that the plaintiff had sold to defendant the automobile, and was signed: "R. A. Siple, by W. C. Bingham." The plaintiff did not, as is required by section 448 of the Code of Civil Procedure, serve or file an affidavit denying the genuineness and due execution of the bill of sale. At the trial he offered to show that the bill of sale was executed by Bingham without plaintiff's authority; whereupon the defendant objected to the testimony on the ground that the failure to deny the instrument constituted an admission of its genuineness and due execution. The court sustained the objection. Plaintiff was allowed time to present a motion for a relief under section 473 of the Code of Civil Procedure, which motion was thereafter presented and denied, and the judgment followed in favor of the defendant. We think the judgment must be affirmed. The bill of sale purported to be executed by the plaintiff and the authority of the agent to so execute it, we think, was included within the admission resulting upon the failure of the plaintiff to file an affidavit in denial thereof. In *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630], it is said: "Where the defendant has pleaded a written instrument in defense (not by way of cross-complaint), and the plaintiff has not served and filed an affidavit denying the instrument and has offered no evidence controverting it on any ground, the instrument is to be deemed admitted and must be taken for what it appears on its face to be. But the plaintiff may controvert the instrument by evidence of fraud, mistake, undue influence, compromise, payment, statute of limitations, estoppel, and the like defenses, under section 462 of the Code of Civil Procedure. In short, he may by evidence controvert the instrument upon any and all grounds, except that he cannot controvert its due execution nor its genuineness." The provisions of section 448 of the Code of Civil Procedure are very plain.

In order that the motion for relief under section 473 should have been granted, it was necessary that it should be made to appear that there was some inadvertence, neglect, or mistake of an excusable kind. The court had discretion in determining that matter and had discretion to conclude that, under the affidavits presented by the plaintiff, no excusable circumstances were shown. A consideration of the facts shown in

the affidavits does not indicate that that discretion was abused.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 7, 1919.