[Civ. No. 10922.   Second Appellate District, Division Two.—April 25, 1936.]

E. FORREST MITCHELL, as Insurance Commissioner, etc., Petitioner and Respondent, v. BENJAMIN FRANKLIN BOND & INDEMNITY CORPORATION (a Corporation), Respondent; EDWARD C. HAVILAND et al., Appellants.

Leslie L. Heap, Orris R. Hedges, W. W. Davis and A. E. Stein for Appellants.

Eugene P. Fay, Burke Mathes, George W. Rochester and Frank L. Guerena for Petitioner and Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of respondents after the trial court refused to grant appellants' petition to have declared void a purported deed of certain real property situated in the county of Los Angeles, state of California.

Viewing the evidence most favorable to respondents (*Ah Gett v. Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

April 20, 1933, for the purpose of enabling him to obtain revenue for them from a certain parcel of land situated in the county of Los Angeles, state of California, appellants

executed a power of attorney in favor of Harry M. Curry, authorizing him to sell, encumber, assign and transfer the property. On April 21, 1933, Harry M. Curry deeded the property described in the power of attorney to respondent, Benjamin Franklin Bond & Indemnity Corporation, to secure the corporation against any loss that it might incur by reason of its having executed a surety bond guaranteeing the performance by Curry of a contract to sell gasoline which he had made with George H. Filgo. This contract was a personal one of Curry's and appellants had no interest therein. The purported deed was executed by Curry as follows:

"Harry M. Curry,

"Atty in fact for Susie J. Haviland, Edward C. Haviland."

Thereafter respondent E. Forrest Mitchell as Insurance Commissioner was appointed to liquidate the business of the respondent bonding company.

This is the sole question necessary for us to determine:

*Is a deed executed in the name of an agent and to which there is added, "Atty in fact for (naming his principals)" ineffective to convey the principals' title to the property described in the instrument?*

The law is well settled that a deed in the name of an attorney in fact, even if to the signature is added the words, "Atty for (a named principal)", does not pass the principal's title to the property described in such deed. (Sec. 1095, Civ. Code; *Morrison* v. *Bowman,* 29 Cal. 337, 352; *Echols* v. *Cheney,* 28 Cal. 157; 1 Cal. Jur. 836, sec. 116.)

In the instant case the deed covering appellant's property was signed as follows: "Harry M. Curry, Atty in fact for Susie J. Haviland, Edward C. Haviland." In *Morrison* v. *Bowman, supra,* a deed similarly executed was held to be a nullity.

For the foregoing reason the judgment appealed from is reversed, and the trial court is ordered to enter a judgment in favor of appellants.

It is so ordered.

Wood, J., concurred.

Crail, P. J., concurred in the judgment.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.