WALTER P. GOLCEFF, Appellant, v. E. SUGARMAN, Respondent.

Hallinan, MacInnis & Zamloch and Nicholas Alaga for Appellant.

Alexander, Bacon & Mundhenk and Herbert Chamberlain for Respondent.

SCHAUER, J.—In this action to recover damages for personal injuries the court, at the close of plaintiff's case, granted defendant's motion for a nonsuit, and plaintiff appeals from the subsequently entered judgment. Upon consideration of the entire record, and of the authorities governing courts in passing on such motions, we are of the view that plaintiff's evidence was sufficient to require submission of the case to the jury, and that the judgment should be reversed.

A trial court must deny a motion for a nonsuit at the close of plaintiff's case "if there is . . . any substantial evidence,

which, with the aid of all legitimate inferences favorable to the plaintiff, tends to establish the averments of the complaint, or, in other words, where the plaintiff's evidence is sufficient to support a judgment on the verdict. It should deny a nonsuit even where there is a conflict in the evidence and some evidence tends to sustain the plaintiff's case, or when the evidence of the plaintiff is such that different conclusions can reasonably be drawn therefrom. If there is any doubt, it is the duty of the court to let the case go to the jury." (9 Cal.Jur. 558-559.) And as to our duty, "The uniform rule which an appellate court should follow in disposing of an appeal from a judgment of nonsuit is, that the court must view the evidence in the light most favorable to appellant, must disregard all inconsistencies and draw only those inferences from the evidence which can reasonably be drawn which are favorable to appellant. [Citations.]" (*Kirk* v. *Los Angeles Ry. Corp.* (1945), 26 Cal.2d 833, 837-838 [161 P.2d 673, 164 A.L.R. 1]; see, also, *Milana* v. *Credit Discount Co.* (1945), 27 Cal.2d 335, 342-343 [163 P.2d 869, 165 A.L.R. 621]; *Mastrangelo* v. *West Side U. H. School Dist.* (1935), 2 Cal.2d 540, 544-545 [42 P.2d 634].)

Plaintiff, a general repair man of the age of 42, was the only witness concerning the happening of the accident here involved. He testified as follows: He entered defendant's store and there showed to an employe of defendant a cloth pattern of a tank cover plaintiff wished to purchase. The employe requested plaintiff to hold a ladder while the employe climbed it to a balcony. The balcony was at a height which plaintiff, who is "five feet ten or eleven" inches tall, could reach by putting his "hand in the air," and the ladder was "not a stepladder," but just a "plain ladder . . . two sticks and then sticks cross together," which was leaning against and extending "about two feet above" the balcony. Plaintiff held the ladder, and the employe "Went on the balcony" and then stated to plaintiff, "here are the tank covers . . . come on up here." With the employe holding the ladder at the top plaintiff climbed "two or three steps" up the ladder to a point where his head was "Over the balcony"; at that point plaintiff handed the pattern to the employe, the employe left the ladder, the ladder began to slip, and plaintiff "awakened" in the hospital.

The epitomized evidence is sufficient to require the case to go to the jury. Certainly a business "invitor's responsibility

is not absolute but he is 'required to use ordinary care for the safety of the persons he invites to come upon the premises . . .' " (*Hinds* v. *Wheadon* (1942), 19 Cal.2d 458, 460 [121 P.2d 724] ; see, also, *Blodgett* v. *B. H. Dyas Co.* (1935), 4 Cal.2d 511, 512 [50 P.2d 801] ; *Johnston* v. *De La Guerra Properties, Inc.* (1946), 28 Cal.2d 394, 399-400 [170 P.2d 5].) In his complaint plaintiff alleged that he was invited to use the ladder, that defendant negligently permitted the ladder "to become dangerous, defective and in an unsound condition" so that plaintiff was caused to "fall off" the ladder and "to be thrown to the floor" and injured. In connection with the other circumstances the fact that the employe asked plaintiff to hold the ladder from the bottom would support an inference by the jury that the ladder was, and that the employe knew it to be, dangerous and unsound when not held and that in letting go his own hold of the ladder after plaintiff had begun to climb it in response to the invitation to "come on up here," the employe negligently left plaintiff upon the ladder while it was in a dangerous and unsound condition.

Defendant suggests that such a "theory of proof" contemplates a cause of action different from that stated in the complaint, in that the complaint charges *defendant* with negligence whereas the proof rested upon negligence of defendant's employe. It is a generally accepted rule, however, that "In order to state a cause of action against defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is that the wrongful act was in legal effect committed by defendant. This may be alleged either by alleging that defendant by his servant committed the act, or, without noticing the servant, by alleging that defendant committed the act." (57 C.J.S. 386 ; see, also, *Martin* v. *Leatham* (1937), 22 Cal.App.2d 442, 445-446 [71 P.2d 336] ; 7 Labatt, Master and Servant, 2d ed., § 2527, p. 7776 ; 4 A.L.R.2d 292-313.)

For the reasons above stated the judgment is reversed and the cause is remanded for a new trial; the purported appeal from an order denying a motion for a new trial, a nonappealable order (*Nichols* v. *Mitchell* (1948), 32 Cal.2d 598, 600 [197 P.2d 550] ), is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.