[L. A. No. 22396. In Bank. Oct. 24, 1952.]

THE SUNSET MILLING & GRAIN COMPANY (a Corporation), Appellant, v. O. E. ANDERSON, Respondent.

774

Forster & Gemmill, Stickney & Stickney, Edward Strop and Robert L. Meyer for Appellant.

Charles B. De Long for Respondent.

EDMONDS, J.—The Sunset Milling and Grain Company sued to recover the amount of principal and interest due upon a series of nine promissory notes executed and delivered to it by O. E. Anderson, doing business as Anderson Feed Store. Its appeal from a judgment of nonsuit challenges the correctness of the trial court's determination that an agreement pleaded by Anderson was a complete defense to the action.

By his answer, Anderson admitted the execution and delivery of the notes and alleged that they were made without consideration. The pleader then alleged the following facts:

Ralph Bangenter was field representative for Sunset Milling; C. Trevor Sawday its local salesman and representative. These men told Anderson that Milton Morgan was selling a feed business operated by him and from which Charles J. Brust had been buying Sunset Milling's feed. According to them, Morgan had taken Brust's promissory notes and given them, with duplicate notes of his own, to Sunset Milling for the feed sold. Bangenter and Sawday also represented to Anderson that the notes given, and to be given, by Brust were and would be secured by a chattel mortgage upon chickens which he was raising. As a bookkeeping procedure, they said, Sunset Milling would desire a promissory note from Anderson to be sent with each note taken from Brust, but Anderson would not be personally responsible for any of Brust's bills or notes or for his own notes in like amount.

On August 1, 1949, the date of the first note in the series, Sawday, on behalf of Sunset Milling and as its agent, executed and delivered to Anderson a written instrument which reads as follows: "To Whom It May Concern: I, C. Trevor Sawday, am an official representative of Sunset Milling and Grain Co., . . . I have informed O. E. Anderson, owner of the Anderson Feed Store . . . that he will in no way be responsible for the collection of the feed bills incurred by C. J. Brust, . . . and that all shipments of feed are covered by a chattel mortgage made out in favor of Morgan's Feed Store, . . . and the Sunset Milling and Grain Co. The Sunset Milling and Grain Co. will accept all notes and issue a credit for the amount of the note to the Anderson Feed Store without any financial responsibility to the Anderson Feed Store. Signed: C. Trevor Sawday, Representative of Sunset Milling and Grain Co."

The representation that Brust's notes were secured by a chattel mortgage was untrue, the answer continued. Anderson

believed the representation and was deceived thereby into selling Sunset Milling's feed to Brust and taking his promissory notes, which he sent, together with his own notes of equal amount, to Sunset Milling. Each of the notes sued upon is a duplicate of one executed by Brust and representing a sale of feed to him. Sunset Milling recovered a judgment in an action against Brust upon the promissory notes given by him.

No affidavit denying the genuineness and due execution of the written instrument pleaded by Anderson was filed by Sunset Milling.

Upon the trial, Anderson's promissory notes were admitted in evidence. The credit manager of Sunset Milling testified that the notes had not been paid although payment had been demanded. On cross-examination, he stated that Sunset Milling also received notes executed by Brust in the same amount and bearing the same dates as Anderson's notes. None of Brust's notes had been paid and none was secured by a chattel mortgage. According to the credit manager, there was no written agreement concerning the arrangement whereby Brust's notes were received "in support of" Anderson's notes.

Following the presentation of this evidence, Sunset Milling rested its case and Anderson moved for a judgment of nonsuit. Thereafter, Sunset Milling moved to reopen the case to present further testimony and made a formal offer of proof. The motion to reopen was denied and a nonsuit granted upon the ground that the agreement pleaded in the answer was a complete defense to the action.

Sunset Milling contends that, regardless of the admission of genuineness and due execution which resulted from failure to file an affidavit in denial thereof (Code Civ. Proc., § 448), the judgment of nonsuit was erroneously granted. There is nothing in the writing or the evidence, it argues, which connects the writing to the notes which are the basis of the action. In addition, it contends that failure to file the affidavit did not admit the authority of Sawday to bind Sunset Milling to the contents of the writing. Several other defenses to the writing were open to it, according to Sunset Milling, despite its failure to file an affidavit. Finally, it asks this court, upon reversal, to permit the filing of an affidavit under the provisions of section 473 of the Code of Civil Procedure for relief from a judgment taken against a party through his mistake, inadvertence, surprise or excusable neglect.

Anderson disputes each of these contentions. He argues that the trial court, by implication, construed the writing as being related to the notes in controversy and that this construction is binding upon the appellate court. He also contends that failure to file the affidavit admitted the authority of Sawday to bind Sunset Milling. The suggested defenses to the instrument, he says, are without merit and there is no authority for permitting the filing of an affidavit at this time.

■ ▪ Despite the admission of "the genuineness and due execution" of the instrument which results from failure to file an affidavit "denying the same" in accordance with section 448 of the Code of Civil Procedure, the instrument may be controverted by evidence of fraud, mistake, undue influence, compromise, statute of limitations, estoppel, and like defenses, but neither its due execution nor its genuineness may be contested. (*Crandall* v. *Schnouser,* 207 Cal. 772, 777-778 [279 P. 778]; *Garcia* v. *California Truck Co.,* 183 Cal. 767, 768 [192 P. 708]; *Moore* v. *Copp,* 119 Cal. 429, 432 [51 P. 630]; *Sparks* v. *Sparks,* 101 Cal.App.2d 129, 134-135 [225 P.2d 238]; *Miller* v. *McLaglen,* 82 Cal.App.2d 219, 224-225 [186 P.2d 48].) ■ However, although many defenses to the instrument are permissible, repeatedly it has been held that the admission of genuineness and due execution necessarily includes an admission of the authority of the agent to sign the name of his principal to the document. (*Reynolds* v. *Pennsylvania Oil Co.,* 150 Cal. 629, 636 [89 P. 610]; *Knight* v. *Whittmore,* 125 Cal. 198, 200 [57 P. 891]; *Bank of America* v. *Richardson,* 29 Cal.App.2d 554, 558 [85 P.2d 139]; *Siple* v. *Knapp,* 39 Cal.App. 638, 639 [179 P. 537]; *Quartz Glass & Mfg. Co.* v. *Joyce,* 27 Cal.App. 523, 525-526 [150 P. 648].)

■ Sunset Milling argues that this rule is inapplicable here because Sawday did not sign its name by himself as agent, but signed his own name, followed by a description of himself as its representative. For this proposition, it relies upon the rule that a deed executed by "A, attorney in fact for B" does not convey B's interest in the described property. This is the common law rule of conveyancing (*Morrison* v. *Bowman,* 29 Cal. 337, 352) which has been made a part of the code. (Civ. Code, § 1095; *Mitchell* v. *Benjamin Franklin B. & I. Corp.,* 13 Cal.App.2d 447, 448 [57 P.2d 185].) However, the code section refers only to instruments transferring an estate in real property and is inapplicable to other

writings. (*California Pac. Title & Trust Co.* v. *Crocker First Nat. Bank,* 131 Cal.App. 487, 493 [21 P.2d 475].)

In the case of a simple contract, section 2337 of the Civil Code provides: "An instrument within the scope of his authority by which an agent intends to bind his principal, does bind him if such intent is plainly inferable from the instrument itself." █ "While some confusion and uncertainty existed in our early cases, it is now definitely settled in this state that a disclosed principal may be held liable on a contract made solely in the name of the agent." (*Bank of America* v. *Cryer,* 6 Cal.2d 485, 488 [58 P.2d 643]; *Pacific Ready-Cut Homes, Inc.* v. *Seeber,* 205 Cal. 690, 695-698 [272 P. 579]; *Geary St., Park & Ocean R. Co.* v. *Rolph,* 189 Cal. 59, 64-68 [207 P. 539].) █ Even before this principle was established, it was held that no particular form of signature was required to bind the principal so long as it appeared from the instrument itself that such result was intended. (*McCormick* v. *Stockton & T. C. R. Co.,* 130 Cal. 100, 104-105 [62 P. 267]; *Southern Pac. Co.* v. *Von Schmidt Dredge Co.,* 118 Cal. 368, 371 [50 P. 650].) From the face of the instrument under consideration here, it is plainly inferable that Sawday, as representative of Sunset Milling, intended to bind it to the promises which it is pledged to fulfill.

█ Sunset Milling contends that the writing does not purport to bind it because it is signed as "representative" rather than as "agent." This attempted distinction is without merit because, for all general purposes, the designations are synonymous. (Webster's New Internat. Dict., 2d ed., "Agent.") "An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency." (Civ Code § 2295; *W. & P. Nicholls* v. *Mapes,* 1 Cal.App. 349, 355 [82 P. 265]; Black's Law Dict., 4th ed., "Agent.") "Representative" is defined as: "One who represents others or another in a special capacity; an agent, . . . One who represents another as agent, . . . ." (Webster's New Internat. Dict., 2d ed.) The terms may be used interchangeably. (*Texas Power & Light Co.* v. *Adamson,* (Tex.Civ.App.) 203 S.W.2d 275, 276.)

█ The effect of the failure to file the affidavit as provided in section 448 is to admit that the instrument is what it purports to be on its face and that it was executed and delivered by Sawday in the capacity in which he appeared. (*Donovan* v. *Security-First Nat. Bank,* 67 Cal.App.2d 845, 852-853 [155 P.2d 856].) Therefore, it follows that the ad-

mission in this case, where the instrument purports upon its face to bind the principal, includes the authority of the agent so to do. The situation is substantially identical to that existing where the agent has signed the name of his principal to the document.

*Myers* v. *Sierra Valley etc. Assn.*, 122 Cal. 669, 675 [55 P. 689], upon which Sunset Milling relies, is distinguishable from the present situation because the instrument there being considered did not purport to have been made by the corporation. For that reason, the court said, an admission of its genuineness and due execution was not an admission that it was the corporation's note. Also distinguishable is *Benedict* v. *Wilson*, 10 Cal.App. 719, 723 [103 P. 350], cited by Sunset Milling. In that case, there was no issue as to an admission and the court held that a recital of a representative capacity in the body of the instrument could not be said to bind the third person as a matter of law. Here, the purported representative capacity is included within the admission of genuineness and due execution.

Regardless of the admission which resulted from failure to file the affidavit, Sunset Milling argues, the judgment of nonsuit was erroneous because there is nothing in the writing or the evidence to connect the instrument to the notes sued upon. Anderson answers this contention by claiming that the document is unambiguous and the trial court's construction of it as a complete defense to the action is binding upon the appellate court.

■ "A trial court must deny a motion for a nonsuit at the close of plaintiff's case 'if there is . . . any substantial evidence, which, with the aid of all legitimate inferences favorable to the plaintiff, tends to establish the averments of the complaint, or, in other words, where the plaintiff's evidence is sufficient to support a judgment on the verdict. . . .' And as to our duty, 'The uniform rule which an appellate court should follow in disposing of an appeal from a judgment of nonsuit is, that the court must view the evidence in the light most favorable to appellant, must disregard all inconsistencies and draw only those inferences from the evidence which can reasonably be drawn which are favorable to appellant. . . .' " (*Golceff* v. *Sugarman*, 36 Cal.2d 152, 153 [222 P.2d 665]; *Solon* v. *Lichtenstein*, 39 Cal.2d 75, 77 [244 P.2d 907]; *Kirk* v. *Los Angeles Ry. Corp.*, 26 Cal.2d 833, 837-838 [161 P.2d 673, 164 A.L.R. 1].)

■ The evidence showed that the notes were executed and delivered to Sunset Milling by Anderson. In the absence of evidence to the contrary, it is to be presumed that they were given for sufficient consideration. (Code Civ. Proc., § 1963[21].) It was also shown that they were unpaid. The first of the series of notes is dated August 1, 1949, and the remainder are subsequent thereto. The instrument signed by Sawday is dated August 1 and refers to "feed bills incurred" by Brust, using the past tense. It states, in the future tense, that Sunset Milling "will accept all notes" and, later, that it will "issue a credit for the amount of the note," the latter phrase using the singular rather than the plural used elsewhere. The only reference is to Brust's notes; nowhere is mention made of notes to be executed by Anderson.

Clearly, the writing is ambiguous upon its face. In the absence of extrinsic evidence, it cannot be determined whether it refers to completed transactions or events to occur in the future. There is nothing to indicate that it is intended to absolve Anderson from liability upon his own notes.

■ The argument that the appellate court is bound by the construction given the instrument by the trial court is without merit when the appeal is from a judgment of nonsuit. Under such circumstances, the writing must be construed most favorably to Sunset Milling. For the purposes of the appeal, it must be held that there is no connection shown between the writing and the notes which are the basis of the action. Therefore, it cannot be said, as a matter of law, that the instrument constituted a complete defense to the action.

■ Sunset Milling's admission of genuineness and due execution of the instrument did not include an admission that it related to the notes sued upon. (*Fox* v. *Stockton C. H. & A. Works*, 73 Cal. 273, 275-276 [15 P. 430].) ■ It was Anderson's duty to prove the new matter set up in his answer and to connect the instrument with the notes. (*Newsom* v. *Woollacott*, 5 Cal.App. 722, 724 [91 P. 347].) ■ Notwithstanding the admission, Sunset Milling may controvert the instrument by showing that it had no connection with the notes. (*Moore* v. *Copp, supra.*) For these reasons, the trial court erred in granting the judgment of nonsuit.

It is not contended that the denial of the motion for relief under section 473 of the Code of Civil Procedure was an abuse of discretion. ■ However, Sunset Milling now urges this court to permit the filing of the affidavit re-

quired by section 448 should ' the judgment be reversed. No showing is made by the briefs that there was any inadvertence, neglect, or mistake of an excusable kind, nor is any authority cited for the proposed procedure. The facts presented to the trial court at the time· the motion was made do not indicate an abuse of discretion. No explanation was there made for the delay of almost six months in seeking relief. The determination having been made by the trial court in its discretion, and no error now being claimed, this court should not interfere with that ruling. (*Cf. Siple* v. *Knapp, supra,* pp. 639-640.)

Sunset Milling does not claim that there was any error in denying its motion to reopen the case and, in view of the conclusions which have been reached, it is unnecessary to consider that ruling or the preceding formal offer of proof. Upon further proceedings, Sunset Milling may present any defense which it may have to the instrument pleaded in the answer, other than a denial of the genuineness or due execution of the writing or Sawday's authority to bind it thereby.

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.