DECISION
{¶ 1} Relator, Ohio Patrolmen's Benevolent Association, brings this original action requesting a writ of mandamus ordering respondent, State Employment Relations Board ("SERB"), to vacate its dismissal of relator's unfair labor practice ("ULP") charge against respondent, Delaware County Commissioners ("commissioners"), to issue a complaint against the commissioners, and to conduct a hearing on relator's ULP charge.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator filed objections to the magistrate's decision, asserting that the magistrate improperly applied R.C. Chapter 4117 to the facts of this case.
 {¶ 3} No party has objected to the magistrate's findings of fact, and we adopt those findings as our own. In brief, relator is the bargaining representative for three bargaining units comprised of all deputy sheriffs, detectives, corrections officers, and dispatchers employed by the Delaware County Sheriff. On behalf of these units, relator entered into collective bargaining agreements with the sheriff, and those agreements required the sheriff to provide health insurance under certain terms. On November 24, 2004, the commissioners approved a resolution that changed the terms of the health insurance plan for county employees, including the sheriff's employees. On December 17, 2004, relator filed two ULP charges with SERB: one against the sheriff and one against the commissioners. In the charge against the sheriff, SERB found probable cause to believe a violation of the bargaining agreements had occurred and directed the parties to mediation and a hearing. However, SERB found that it lacked jurisdiction over the charge against the commissioners and dismissed it.
 {¶ 4} Relator filed this original action requesting a writ of mandamus ordering SERB to vacate its dismissal of the charge against the commissioners. The magistrate found that SERB jurisdiction was proper under R.C. 4117.11 only if the commissioners are the employer, agent or representative of the sheriff. Finding no such employment, agency or representative relationship between the commissioners and the sheriff, the magistrate denied the writ. Relator disagrees with the magistrate's (and SERB's) interpretation of SERB's jurisdiction.
 {¶ 5} Here, relator argues that the commissioners are the agent or representative of the sheriff for purposes of providing health insurance to the sheriff's employees. Relator asserts, first, that R.C. 305.171 grants to the commissioners an exclusive right to contract for health insurance coverage for all county employees. The commissioners implemented the insurance coverage changes unilaterally and did not give the parties to the collective bargaining agreements any opportunity to negotiate concerning these changes. Thus, argues relator, the sheriff is totally dependent on the commissioners to provide a benefit the sheriff is statutorily mandated to bargain over, and this dependence must lead to the conclusion that the commissioners are the agent of the sheriff for purposes of procuring that benefit.
 {¶ 6} We begin our analysis with a brief overview of the statutory scheme. R.C. Chapter 4117 sets out the parameters for collective bargaining between public employers and employees. R.C. 4117.03 grants public employees the right to bargain collectively to determine wages, hours, terms, and other conditions of their employment, and R.C. 4117.04 similarly imposes a duty upon public employers to bargain collectively with their employees' exclusive representative. Here, all parties agree that the sheriff is the "public employer" for purposes of R.C. Chapter 4117.
 {¶ 7} R.C. 4117.08 prescribes the matters subject to collective bargaining, and R.C. 4117.09 imposes certain requirements for collective bargaining agreements, which must be reduced to writing. To this point, a "legislative body" has no statutorily required role in the bargaining process. However, as R.C. 4117.10(B) provides, once the public employer and employees reach a tentative agreement:
(B) The public employer shall submit a request for funds necessary to implement an agreement and for approval of any other matter requiring the approval of the appropriate legislative body to the legislative body within fourteen days of the date on which the parties finalize the agreement * * *. The legislative body must approve or reject the submission as a whole, and the submission is deemed approved if the legislative body fails to act within thirty days after the public employer submits the agreement. The parties may specify that those provisions of the agreement not requiring action by a legislative body are effective and operative in accordance with the terms of the agreement * * *.
As used in this section, "legislative body" includes the * * * board of county commissioners or any other body that has authority to approve the budget of their public jurisdiction * * *.
 {¶ 8} The statute's definition of "legislative body" and its description of the legislative body's role notwithstanding, relator's charge against the commissioners allegedly arises from R.C. 4117.11, which provides that "[i]t is an unfair labor practice for a public employer, its agents, or representatives to" engage in certain conduct affecting the bargaining rights of employees. Relator specifically charges that the commissioners, as the sheriff's "agents" or "representatives," interfered with, restrained or coerced employees in the exercise of their rights and refused to engage in collective bargaining when they changed the health insurance plan for the sheriff's employees. See R.C.4117.11(A)(1) and (5). Relator filed these charges against the commissioners at SERB, which holds exclusive jurisdiction to determine and remedy ULPs pursuant to R.C. 4117.12.
 {¶ 9} We agree with the magistrate's decision that the commissioners did not act as the sheriff's agents or representatives in changing the health insurance plan for county employees. Rather, as the magistrate found, there is no evidence that the commissioners were acting on behalf of the sheriff. To the contrary, while relator refers to the sheriff's "dependence" upon the commissioners, the evidence clearly shows that the commissioners acted completely independent of the sheriff. Thus, because the commissioners are not the "public employer, its agents, or representatives" in this instance, they did not commit a ULP under R.C. 4117.11(A), and SERB has no jurisdiction under R.C. 4117.12.
 {¶ 10} In this respect, we agree with the magistrate's reliance on SERB's reasoning in In re: Columbiana County Bd. ofCommrs., SERB 99-019 (June 30, 1999). While not binding on this court, SERB's analysis of very similar circumstances is persuasive. In short, without mutual consent concerning a fiduciary or other representative relationship between the commissioners and the sheriff, and without evidence of any actual representation, there can be no agency or representative relationship for purposes of R.C. 4117.11(A).
 {¶ 11} We note, too, that the statutory scheme supports the conclusion that SERB has no jurisdiction applicable here. As the Seventh District Court of Appeals concluded in State Emp.Relations Bd. v. City of Martins Ferry (June 6, 1991), Belmont App. No. 90-B-37, "the `public employer' who engages in negotiations is separate and apart from the legislative body[.]" Where, as here, the legislative body is not the "public employer," does not engage in bargaining, and acts only within its legislative capacity, the lack of bargaining cannot give rise to a ULP charge within SERB's jurisdiction. Therefore, we overrule relator's objections.
 {¶ 12} For these reasons, having conducted an independent review of the evidence, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Objections overruled; writ of mandamus denied.
Bryant and McGrath, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Ohio Patrolmen's : Benevolent Association, : :
Relator, : :
v. : No. 05AP-526 :
State Employment Relations Board et al., : (REGULAR CALENDAR) :
Respondents. : :
 MAGISTRATE'S DECISION Rendered on January 31, 2006 Joseph M. Hegedus, for relator.
Jim Petro, Attorney General, and Megan H. Boiarsky, for respondent State Employment Relations Board.
David A. Yost, Delaware County Prosecuting Attorney; Downes,Hurst Fishel, Jonathan J. Downes and Benjamin S. Albrecht,
for respondent Delaware County Board of County Commissioners.
Robert L. Berry Co., L.P.A., and Robert L. Berry, for Amicus Curiae, Buckeye State Sheriffs' Association.
 IN MANDAMUS {¶ 13} In this original action, relator, Ohio Patrolmen's Benevolent Association, requests a writ of mandamus ordering respondent State Employment Relations Board ("SERB") to vacate its April 21, 2005 dismissal of relator's unfair labor practice ("ULP") charge against respondent Delaware County Board of County Commissioners ("Delaware County Commissioners"), to issue an R.C.4117.12(B) complaint against respondent Delaware County Commissioners, and to conduct a hearing on relator's ULP charge.
Findings of Fact:
 {¶ 14} 1. Relator is the exclusive bargaining representative for three bargaining units of employees of the Delaware County Sheriff ("sheriff"). One bargaining unit is comprised of the deputies and detectives employed by the sheriff. Another unit is comprised of the corrections officers. The third unit is comprised of the dispatchers.
 {¶ 15} 2. Effective January 1, 2002, relator entered into three separate collective bargaining agreements ("CBA") with the sheriff on behalf of the three units. Under the terms of the agreements, the three CBAs expired on December 31, 2004.
 {¶ 16} 3. Each CBA required the sheriff to provide health insurance under the following terms:
* * * The Employer shall maintain a group health benefits plan for the bargaining unit. The plan and its benefits shall be equal to or better than the plan in effect for the employees of the County generally (management and non-management employees alike).
* * * The Employer may implement reasonable changes in the health benefits plan so long as the changes are implemented for county employees generally and so long as the Employer continues to fund the plan with at least its immediately preceding monthly contribution to the cost of health benefits. The Employer's implemented plan must be reasonable, the Union or employees may file a grievance to challenge the Employer's compliance with this Article, including the reasonableness standard.
The Employer shall meet and confer with representatives of the Union before implementing any changes.
 {¶ 17} 4. On or about October 24, 2004, relator filed with SERB notices to negotiate with the sheriff.
 {¶ 18} 5. Also on October 24, 2004, the Delaware County Commissioners adopted Resolution No. 04-1453 amending the county health insurance plan for all county employees. The adopted resolution stated that, effective January 1, 2005, the county would provide for all county employees a choice of two medical plans described as the "CEBCO medical plan PPO Plan 2" ("Plan 2"), and the "CEBCO medical plan PPO Plan 1" ("Plan 1"). For those county employees selecting Plan 1, the resolution requires an "employee contribution for the difference in the premium cost."
 {¶ 19} 6. According to relator, Plan 1 is "substantially similar" to the insurance coverage previously provided by the county at no cost or charge to the county employees. According to relator, those county employees electing Plan 1 are required to pay to the county through a payroll deduction $22.07 per month for the single plan or $55.17 per month for the family plan. According to relator, collection of the insurance premium payments began with the pay period ending December 3, 2004. According to relator, Plan 2 provides lesser coverage than Plan 1, but is provided by the county at no cost or charge to the employee electing coverage under Plan 2.
 {¶ 20} 7. Allegedly, prior to the passage of the resolution, relator's representatives met with a representative of the Delaware County Commissioners. At the meeting, relator claimed that the health insurance plan changes contemplated by the Delaware County Commissioners violated the CBAs and constituted a ULP. Relator also claimed that the Delaware County Commissioners had a duty to maintain the status quo during the negotiations. Notwithstanding the meeting and relator's claims, the Delaware County Commissioners enacted the aforementioned Resolution No. 04-1453.
 {¶ 21} 8. On or about the date that relator filed its ULP charge against the Delaware County Commissioners, relator also filed a ULP charge against the sheriff regarding the health insurance plan changes adopted by the Delaware County Commissioners. In the ULP case against the sheriff, SERB found probable cause to believe that a violation had occurred and directed the parties to a ULP mediation. According to the parties here, those mediation efforts have failed to resolve the matter and the parties now await the issuance of an R.C. 4117.12(B) complaint against the sheriff.
 {¶ 22} 9. Through one of its employee specialists, SERB investigated relator's December 17, 2004 ULP charge against the Delaware County Commissioners. The SERB specialist obtained information from the parties relevant to the ULP charge. No party to this action claims that it was unable to provide any information relevant to SERB's investigation of the charge.
 {¶ 23} 10. On April 21, 2005, the three-member SERB considered relator's ULP charge against the Delaware County Commissioners. Thereafter, SERB dismissed the ULP charge, stating:
The Ohio Patrolmen's Benevolent Association (Charging Party) filed an unfair labor practice charge against the Delaware County Commissioners (Charged Party). The charge alleges the Charged Party violated Ohio Revised Code Section 4117.11[(]A) (1) and (5) by passing a resolution requiring a premium health insurance payment not required by the agreement for bargaining-unit employees of the Delaware County Sheriff.
Pursuant to Ohio Revised Code Section 4117.12, the Board has conducted an investigation of this charge. The Charging Party does not allege a violation covered under Ohio Revised Code Chapter 4117, and the charge is not within the jurisdiction of SERB. Accordingly, the charge is dismissed with prejudice for lack of jurisdiction.
 {¶ 24} 11. On May 26, 2005, relator, Ohio Patrolmen's Benevolent Association, filed this mandamus action.
Conclusions of Law:
 {¶ 25} The sole issue before this court is whether SERB abused its discretion in determining that it lacked jurisdiction over the Delaware County Commissioners to adjudicate the ULP charge filed by relator.
 {¶ 26} Finding that SERB did not abuse its discretion in determining that it lacked jurisdiction over the Delaware County Commissioners, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 27} R.C. 4117.11(A)(1) and (5) state:
(A) It is an unfair labor practice for a public employer, its agents, or representatives to:
(1) Interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances;
* * *
(5) Refuse to bargain collectively with the representative of his employees recognized as the exclusive representative or certified pursuant to Chapter 4117. of the Revised Code[.]
 {¶ 28} Because, undisputedly, the Delaware County Commissioners are not the employer of the bargaining unit employees represented by relator, SERB's jurisdiction over the Delaware County Commissioners necessarily turns upon the question of whether the commissioners have acted as an agent or representative of the sheriff with respect to obtaining or providing health insurance to the sheriff's employees.
 {¶ 29} R.C. 305.171 grants to the Delaware County Commissioners the authority to contract for group health insurance for all county officers and employees. Accordingly, notwithstanding the sheriff's agreement under the CBAs to provide health insurance to his employees, the sheriff is necessarily dependent, to some extent, upon the actions of the Delaware County Commissioners in pursuit of their statutory responsibilities to contract for the group health insurance for all county employees. However, that dependency does not create an agency relationship between the Delaware County Commissioners and the sheriff in the obtaining and providing of health insurance.
 {¶ 30} As respondents here correctly point out, in In re:Columbiana County Bd. of Commrs, SERB 99-019 (6-30-99), SERB's opinion addresses an issue similar to the one before this court in this action.
 {¶ 31} In the Columbiana County case, the county commissioners decided to privatize the jail operations of Columbiana County and to close a jail facility. Consequently, the Columbiana County Sheriff laid off some of his employees covered under a CBA. Neither the sheriff nor the commissioners offered to bargain with the bargaining representative, Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP"), over the jail closure. However, the sheriff did engage in bargaining with the FOP over the effects of the jail closure. After the filing of a grievance, an arbitrator held that the county commissioners deliberately forced the sheriff to make an unnecessary lay off without bargaining over the issue. The arbitrator ordered reinstatement and back pay to the laid off employees, but the county commissioners refused to pay the award.
 {¶ 32} On November 4, 1997, the FOP filed a ULP against the commissioners. Finding probable cause, SERB issued an R.C.4117.12 complaint against the commissioners that eventually went to hearing.
 {¶ 33} In its opinion, SERB held that the Columbiana County Commissioners were not the agent or representative of the sheriff with respect to the decision to privatize the county jail operations. SERB explained:
The parties do not dispute that the Respondent functions as the "legislative body" pursuant to O.R.C. § 4117.10(B) for the Sheriff and not as a co-employer. See In re Franklin Cty.Sheriff, SERB 86-007 (2-26-86), aff'd, Franklin Cty Bd ofCommrs v. SERB, 1990 SERB 4-29 (CP, Franklin, 10-2-90). Since the County is neither the employer nor a co-employer of the Sheriff's employees, it cannot be held to have violated any subsection of O.R.C. § 4117.11(A) unless it is held to be an "agent" or "representative" of the public employer. The County asserts that it is not an "agent" or "representative" of the Sheriff.
An agent is one who acts for or in the place of another by authority from the other. State v. Lawrence,
13 Ohio Op. 2d 195, 84 Ohio L. Abs. 16, 168 N.E.2d 21 (C.P. 1960). An agent stands in the shoes of the principal. American Financial Corp.v. Fireman's Fund Ins. Co., 15 Ohio St.2d 171, 44 Ohio Op. 2d 147, 239 N.E.2d 33 (1968). An "agency relationship" is a consensual fiduciary relationship between two persons where the agent has the power to bind the principal by his or her actions, and the principal has the right to control the actions of the agent. Evans v. Ohio State Univ., 112 Ohio App.3d 724,680 N.E.2d 161, 118 Ed. Law Rep. 1104 (10th Dist. Franklin County 1996), appeal not allowed, 77 Ohio St. 3d 1494, 673 N.E.2d 149
(1996). "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." Restatement of Law 2d, Agency (1958). The record in this case plainly establishes that the Sheriff manifested no consent for the County to act on his behalf. Further, the record does not indicate any degree of control by the Sheriff over the County's actions.
A representative is a person or thing that stands for or is equivalent to, in some way, another person or thing. Gaffney v.Unit Crane Shovel Corp., 117 F. Supp. 490, 491 (D.C. Pa.). A representative is one who represents others or another in a special capacity as an agent. Sunset Mill Grain Co. v.Anderson, 39 Cal.2d 773, 249 P.2d 24, 27. The term "representative" is interchangeable with "agent." Id. See,e.g., O.R.C. § 1301.01(II) ("`Representative' includes an agent, an officer of a corporation or association, a trustee, executor, or administrator of an estate, or any other person empowered to act for another.") The record does not reflect that the County was standing for or equivalent to the Sheriff. The record shows that the County and the Sheriff have disagreed from the beginning of the controversy over the jail privatization. Thus, the record supports a finding that the County was not an "agent" or "representative" of the Sheriff.
(Emphasis sic.) Id. at 3-121.
 {¶ 34} Applying SERB's statement of the applicable law of agency in the Columbiana County case, it is clear in the instant case that there was no evidence before SERB showing that the Delaware County Commissioners had acted as an agent or representative of the sheriff within the meaning of R.C.4117.11(A).
 {¶ 35} Here, the Delaware County Commissioners are granted the authority by R.C. 305.171 to contract for group health insurance for all county officers and employees. The sheriff has no statutory authority to control the actions of the Delaware County Commissioners in their pursuit of their statutory duty to contract for group health insurance for all county officers and employees. Nor is there any evidence or allegation here that the sheriff did control the actions of the Delaware County Commissioners in that regard.
 {¶ 36} Relator argues here that the sheriff's dependency on the Delaware County Commissioners to contract for group health insurance coverage for the sheriff's employees creates an agency relationship between the sheriff and the Delaware County Commissioners. Under the law set forth above, dependency alone does not create an agency relationship.
 {¶ 37} The magistrate recognizes that this court is not bound by SERB's opinion in the Columbiana County case discussed above. Nevertheless, the magistrate finds that the case is persuasive as to the issue before this court.
 {¶ 38} Based upon the above analysis, the magistrate concludes that SERB correctly determined that it lacked jurisdiction over the Delaware County Commissioners to adjudicate the ULP charge filed by relator.
 {¶ 39} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.